Clara CARVER & Kenneth Carver, Plaintiffs-Appellants,

v.

Joseph CARVER, Defendant,

Jack Ballard d/b/a Broadway Auto Salvage, Garnishee-Respondent.

No. 46829.

Missouri Court of Appeals, Eastern District, Division Four.

June 5, 1984.

Richard Jacobs, St. Louis, for plaintiffs-appellants.

Samuel Panos, St. Louis, for garnishee-respondent.

GAERTNER, Presiding Judge.

On July 14, 1971, the marriage of Clara Carver and Joseph Carver was dissolved by order of Division 15 of the Circuit Court of the City of St. Louis in Cause No. 23322F. Clara was awarded custody of the five children born of the marriage and Joseph was ordered to pay child support of $15 per week per child. On March 5, 1976, upon the joint motion of Clara and Joseph the decree was modified by granting custody of the youngest child, William, to his paternal uncle, Kenneth E. Carver. No mention is made of support for William in the modification order. However, Joseph paid Kenneth $130 per month for this purpose until October, 1978. In September, 1981, Kenneth instituted an action in the Circuit Court of Perry County, Illinois, his place of residence, pursuant to the Uniform Reciprocal Enforcement of Support Act, § 454.-020, et seq. RSMo 1978, seeking an order that Joseph pay $175 per month for child support. The matter was certified to the Circuit Court of the City of St. Louis, Division 14, and became Cause No. 807-00958, styled Kenneth E. Carver v. Joseph Lee Carver. Joseph subsequently stipulated to the entry of judgment in that cause whereby he was ordered to pay $175 per month to the Clerk of the Circuit Court. The Clerk's record of payments reflects a failure to pay the $175 payment in December, 1981. On January 5, 1982, Kenneth's attorney, Richard M. Jacobs, filed a request for execution in the following form:

FORM 917-68

Circuit Court Rule 21.15(2) requires typewritten entries.

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS

(In re the Marriage of)
CLARA MAE CARVER

807-00958 - Division =
& #23322 - Division #15
No.

Plaintiff/Petitioner - Creditor/Debtor*

vs/and JOSEPH LEE CARVER

Cir. Ct. File

Defendant/Respondent - Creditor/Debtor*
& KENNETH E. CARVER for use of William Sterling

Div.

Non-Party Creditor Carver v. JOSEPH LEE CARVER

REQUEST FOR EXECUTION AND/OR GARNISHMENT

CLARA MAE CARVER ⌐ KENNETH E. CARVER states upon oath that:
(Person making request) by R. JACOBS, attorney for above

1) On 7/14/71 a judgment was entered in the above captioned cause, which
(date)
judgment provided as follows: "Plaintiff have and recover of the defendant, as and for the

the support and maintenance of each of the four minor children........William Sterling. the sum of $15.00 per week, aggregating the sum of $60.00 per week, ........until further order of the Court, payable on Wednesday of each week........" Cause #23322 "pursuant to change, $175.00 per month payable" under Cause #807-00958.

2) Said judgment is ~~not~~ for the support of a person and remains unsatisfied as follows:

| Judgment Amt. | Plus Int. Due | Plus Costs Due | Less Credits | Total |
|---|---|---|---|---|
| $ 3,475.00 | $ 585.62 | $ ----- | $ ------ | $4060.62 |
| | | | | Less any receipts on pending execution |

3) The creditor directs summoning as garnishee the following

Broadway Auto Salvage Company     -     proprietorship

| Individual or Business Name | Legal Status, e.g. Corp. |
|---|---|

Jack Ballard

| Person to be served | Official Capacity |
|---|---|

3145 No. Broadway

Number and Street

St. Louis, Missouri

---

The Clerk of the Circuit Court on January 5, 1982, issued a Writ of Execution in the following form:

STATE OF MISSOURI   } SS.

CITY OF ST. LOUIS   }

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS STATE OF MISSOURI

(~~In re the Marriage of:~~

~~Kenneth E. Carver~~

~~Plaintiff~~/Petitioner-Creditor/~~Movant~~

~~vs~~/and

Joseph Lee Carver

Defendant/~~Respondent~~ ~~Movant~~/Debtor

Cause No. 23322F

Division No. 15

### WRIT OF EXECUTION

THE STATE OF MISSOURI TO THE SHERIFF OF ANY COUNTY IN THE STATE OF MISSOURI:

Whereas, Kenneth E. Carver has on the 5th day of May, 19 76, obtained a judgment of this Court against Joseph Lee Carver upon which there is an unpaid balance of $ 3,475.00 accrued interest to date of $ 585.62 and costs of $ 25.70, you are commanded to execute this writ by levying upon Joseph Lee Carver property and on the 5th day of APRIL, 19 82, certifying to this court how you execute this writ.

---

A garnishment in aid of execution was issued to Broadway Auto Salvage Company and was served upon Joseph Carver. He and Jack Ballard, Respondent herein, were partners doing business under the name of Broadway Salvage. Two sets of interroga-

tories were sent to Joseph Carver and Jack Ballard at the Broadway Salvage address but-went unanswered. Thereafter, on May 20, 1982, a judgment by default was entered against Joseph Carver and Jack Ballard in the sum of $4,060.62 in Division 15 of the Circuit Court of the City of St. Louis in Cause No. 23322. Jacobs then caused an execution on this judgment to be levied upon real estate owned by Ballard and Joseph Carver.[1] Pursuant to this levy, the six parcels of real estate were sold by the Sheriff on September 10, 1982, for $16,400. Apparently, the only bidder at the sale was Jacobs who directed the Sheriff to issue deeds to one Gina Linaberry. On October 22, 1982, Ballard filed a petition for review and a motion to set aside the judgment in Cause No. 23322 alleging that he first acquired information about any of these proceedings on October 13, 1982. He also filed a motion to set aside the sheriff's sale. After a hearing the trial court found that since Kenneth Carver was not a judgment creditor in Cause No. 23322F, the execution issued in that cause at his request and all subsequent actions thereon were nullities. The Court set aside the judgment of May 20, 1982, and the Sheriff's sale of the real estate.[2] We affirm.

■■■ Kenneth Carver or his attorney was totally without authority to seek an execution in Cause No. 23322F. Section 513.015, RSMo 1978 provides "The party in whose favor any judgment, order or decree is rendered, may have an execution in conformity therewith." Under this statute only the holder of a judgment or his authorized agent has any right to procure the issuance of an execution for the purpose of collecting the judgment. *Schechter v. Fitzsimmons Industries, Inc.*, 627 S.W.2d 89, 90 (Mo.App.1981); *Anderson v. Anderson*, 404 S.W.2d 206, 209 (Mo.App.1966); *How-

ard v. Howard*, 300 S.W.2d 853, 855 (Mo. App.1957). Consequently, the request for execution filed by Jacobs on behalf of Kenneth Carver was totally devoid of power to support the issuance of an execution upon the judgment rendered in favor of Clara Carver. Merely placing Clara's name in the caption of the request for execution which was signed under oath by Kenneth, does not suffice to make him her agent for the collection of the judgment of July 14, 1971. Further, the request for execution is invalid by reason of the attempt to collect two distinct judgments of differing amounts entered in two different lawsuits by different Divisions of the Circuit Court in a single execution. Apparently the Deputy Circuit Clerk recognized the improper form of the request and issued the execution only in Cause No. 23322F. However, the execution denominates Kenneth Carver as the judgment creditor in that cause to which he was never a party. The amount claimed on the judgment was far in excess of the $175 delinquency in the payments due under the judgment in Cause No. 807–00958. As found by the trial court, the execution and all subsequent proceedings based thereon were nullities. Since the execution was invalid, the garnishment issued pursuant thereto was without legal foundation or authority. Since garnishment is in aid of execution, "[a] valid judgment and a *valid execution* are indispensable prerequisites to a valid garnishment." *Davis v. Long*, 521 S.W.2d 7, 8 (Mo.App. 1975); *Fulkerson v. Laird*, 421 S.W.2d 523, 526 (Mo.App.1967). The execution, showing Kenneth Carver to be a judgment creditor in a case to which he was not a party for an amount grossly in excess of anything owed to him by the judgment debtor, was invalid. Consequently, the garnish-

---

1. Deeds were introduced in evidence showing that on February 26, 1982, one parcel of real estate was conveyed by Carver and Ballard to Carver and five parcels were conveyed by the parties to Ballard and his wife. There was testimony that the partnership was terminated on February 26, 1982, and we assume these conveyances were a part of this termination agreement.

2. The trial court also made findings relating to the voluntary payment of $130 per month up to October, 1978. These findings are challenged on this appeal. However, since the court made no order and entered no judgment regarding these payments, that matter is not before us.

ment was invalid and the judgment of May 20, 1982, was void because the court had no subject matter jurisdiction. *Feltner v. U.S. Army Finance and Accounting Center,* 643 S.W.2d 648, 649 (Mo.App.1982). Lack of subject matter jurisdiction may not be waived and it may be raised at any stage of the proceedings. *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 72 (Mo. banc 1982). When the court lacks subject matter jurisdiction any action it may take is null and void. *Parmer v. Bean,* 636 S.W.2d 691, 695 (Mo. App.1982).

Accordingly, the judgment entered in favor of Kenneth Carver and against Joseph Carver and Jack Ballard on May 20, 1976, was void ab initio. Kenneth now argues that the execution by Clara Carver of a document entitled, "Power of Attorney" on October 15, 1982, constituted an assignment of her judgment against Joseph. The terms of the document do not even remotely purport to constitute an assignment. Moreover, the execution of a document ten months after the invalid execution and five months after the void judgment cannot breathe vitality into those actions which were dead from inception.

Because the invalidity of the original execution deprives all subsequent procedures of a required foundation, we need not address the other contentions made by appellant herein nor the many other irregularities disclosed by the record. The judgment of the trial court setting aside the judgment of May 20, 1982 and the Sheriff's sale and ordering restoration of all monies paid and return of all titles delivered is, in all respects, affirmed.

SMITH and STEPHAN, JJ., concur.