**Harry FERGUSON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 56641.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 5, 1989.

Rehearing Denied Jan. 17, 1990.

Harry Ferguson, St. Louis, pro se.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, for appellant.

SIMON, Chief Judge.

The Director of Revenue appeals a judgment of the Circuit Court of St. Louis County reversing an order of suspension of driving privileges entered by an Administrative Hearing Officer of the Department of Revenue against licensee, Harry Ferguson. We vacate the trial court's judgment and reinstate the administrative order.

On November 5, 1988, Ferguson was operating his 1974 vehicle when he was stopped by the Maplewood Police Department. Ferguson failed to provide proof of insurance as required by § 303.025 RSMo 1986 (all references shall be to RSMo 1986 unless otherwise noted). On November 14, 1988, the Department of Revenue sent a notice to Ferguson stating that unless proof of financial responsibility was provided or an administrative hearing was requested, Ferguson's driving privileges would be suspended effective December 17, 1988. Ferguson requested a hearing, which was set on December 13, 1988. At the hearing, Ferguson testified that he was taking his vehicle to a repair shop to get it inspected before getting liability insurance, when he was stopped by the police. He concluded that the reason that he did not have insurance on the vehicle was because he did not use it during the year that the mandatory financial responsibility law had gone into effect. The vehicle needed repairs, and he let the insurance lapse.

The Administrative Hearing Officer concluded that Ferguson, by his own admis-

sion, failed to comply with § 303.025, and that his driving privileges were to be suspended for a sixty day period beginning March 6, 1989. Ferguson filed a petition for review with the Circuit Court of St. Louis County on February 16, 1989. The trial court entered a stay order regarding the suspension and set trial for April 3, 1989. Following the hearing, the trial court entered an order setting aside the suspension of Ferguson's driving privileges. It is from this order that the Director of Revenue appeals.

On appeal, the Director of Revenue contends that the trial court erred in setting aside Ferguson's suspension of driving privileges because: (1) the Circuit Court of St. Louis County lacked subject matter jurisdiction; and (2) Ferguson had violated the provisions of § 303.025. Agreeing with the first point, we need not address the latter.

Section 303.290.2 provides in pertinent part that:

Any decision, finding or order of the director, under the provisions of this chapter shall be subject to review by appeal to the circuit court of the county of the residence of the licensee, at the instance of any party in interest, in the manner provided by chapter 536, RSMo, at any time within thirty days after notice is given the licensee of such decision, finding or order.

The record indicates that Ferguson's residence has been and continues to be located in the City of St. Louis. Therefore, subject matter jurisdiction rests in the Circuit Court of the City of St. Louis rather than in the County of St. Louis.

Although, the Director of Revenue did not present the question of subject matter jurisdiction to the trial court, "[l]ack of subject matter jurisdiction may be raised at any stage in the proceedings, even for the first time on appeal." *Rehbein v. St. Louis Southwestern Railway Company,* 740 S.W.2d 181, 183[4] (Mo.App.1987). "[W]here the law prescribes that the judicial review of an administrative decision be brought in a circuit court of a designated county, a petition for review lodged in the circuit court of a nondesignated county does not engage the jurisdiction of that court to adjudicate the subject matter." *Dorrell Re–Insulation v. Director of Revenue,* 622 S.W.2d 516, 519[2–4] (Mo.App. 1981). Further, "subject matter jurisdiction may not be conferred by consent of the parties, by appearance or answer, or by estoppel." *White v. Ballou,* 755 S.W.2d 246, 248[2,3] (Mo.App.1988). Any action taken by a court lacking subject matter jurisdiction is null and void. *Carver v. Carver,* 673 S.W.2d 92, 96[1–7] (Mo.App. 1984). Therefore, we vacate the judgment and reinstate the administrative order suspending Ferguson's driving privileges.

Judgment vacated.

DOWD, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.