**Jon D. CROSS, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 63550.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 28, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Tim G. Lee, St. Charles, for respondent.

CRANDALL, Presiding Judge.

The Director of Revenue (Director) appeals from an order of the Circuit Court of St. Charles County, setting aside the suspension of the driving privileges of Jon Cross pursuant to § 302.311 RSMo 1986. Cross's driving privileges had been suspended under § 577.500.1(4) RSMo Supp.1992, the "Abuse and Lose" law, as a result of a conviction for displaying an altered driver's license. We reverse and remand.

After Cross was convicted of displaying an altered license, the Circuit Court of Lewis County entered an order suspending the driving privileges of Cross for 90 days. *See* § 577.500.1(4). The Director of Revenue entered the suspension, as required under § 577.510, following the order of the Lewis County Circuit Court.

On April 16, 1992, Director sent Cross notice that his driving privilege was suspended for 90 days, effective April 7, 1992. The suspension notice stated:

This is a final decision of the director of revenue. You have 30 days from the date below to appeal this decision to the circuit court of your county of residence in accordance with § 302.311, RSMo.

The notice of suspension, incorrectly, stated the reason for suspension was, "Possession of alcohol or controlled substance" and "suspended for substance abuse." Although the notice stated the wrong reason for suspension, the Department of Revenue's records correctly stated the reason as displaying an altered license [1].

On May 18, 1992, Cross filed a Petition for Review in the Circuit Court of St. Charles County, which was confessed by the assisting prosecuting attorney representing Director. The trial court then entered an order that Director set aside the suspension of Cross's driving privileges.

The parties have addressed the applicability of § 302.311 and § 577.510 to this suspension action. First, Chapter 302 deals, *inter alia*, with suspensions or revocations by the Director. For example, if a person is convicted of certain traffic offenses, the Director suspends or revokes the driver's license of that person based on an assessment of points for those convictions. *See* § 302.302 RSMo. Supp.1989. Judicial review of that action is provided by § 302.311.

Here, Cross was convicted of displaying an altered driver's license, which is a misdemeanor offense under the Liquor Control Law. Section 311.328. Section 577.510.1 specifically provides "[t]he provisions of Chapter 302, RSMo, to the contrary notwithstanding, the suspension or revocation shall be imposed without further hearing." Section 577.510.1.

█ In addition, the Abuse and Lose Law specifically provides that the *court* in which Cross was convicted shall suspend or revoke his driving privileges. Upon receipt of the court order, it was the Director's statutory duty to obey the court order and suspend Cross's driving privileges. Section 577.510.1. Thus, under §§ 577.500–577.530, a court or-

---

1. This erroneous notice does not affect the underlying fact that Cross's driving record accurately reflects his status. Clearly, if there is an error made by the Director in the recordation of information supplied to him under § 577.510, correction can be ordered by the court in which the defendant was convicted and which supplied the information to the Director.

ders the suspension or revocation and Director simply complies administratively with that order. In contrast, under Chapter 302, the Director makes the decision to suspend or revoke a person's driving privileges, in accordance with state statute, and that decision is subject to judicial review. Thus, it is clear that the provisions of Chapter 302 are not applicable to §§ 577.500–577.530.

Since the decision to suspend or revoke is court-ordered and the Director is simply a scrivener, relief under § 302.311 would create the incongruous situation of one court setting aside the order of another court having the same jurisdiction. The Director would then be put in a dilemma of deciding which court order to obey.

■ The Circuit Court of St. Charles County was without jurisdiction to, in effect, set aside the order of the Circuit Court of Lewis County. The fact that Director confessed the petition for review does not alter the lack of subject matter jurisdiction. *Feldmann v. McNeill*, 772 S.W.2d 409, 410 (Mo. App.1989). Subject matter jurisdiction cannot be conferred by waiver or consent. *Ferguson v. Director of Revenue*, 783 S.W.2d 132, 133 (Mo.App.1989). Relief, if any, from Cross's court ordered suspension can only be granted, in the first instance, by the court which ordered it.

The judgment of the circuit court ordering the removal of Cross's 90 day suspension of driving privileges is reversed and the cause is remanded with directions to dismiss Cross's petition for review.

REINHARD and CRIST, JJ., concur.