**Keith E. SEIBUHR, Plaintiff/Appellant,**

v.

**Raymond T. WAGNER, etc.,
Defendant/Respondent.**

No. 63569.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1994.

Daniel E. Nack, St. Charles, for plaintiff-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-respondent.

REINHARD, Judge.

Petitioner appeals the trial court's denial of his petition to reinstate his driving privileges. We reverse and remand.

Petitioner allegedly failed to submit to a chemical test on August 29, 1992. The Director of Revenue (Director) mailed a notice revoking petitioner's driving privileges on September 18, 1992. Petitioner filed his petition on October 23, 1992, thirty-five days later.

On appeal, the Director argues that the trial court lacked subject matter jurisdiction to set aside the revocation of driving privileges. We agree.

Petitions for review must be filed within thirty days of mailing of notice of revocation. § 536.110, RSMo 1986; *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.E.D.1993). Subject matter jurisdiction cannot be conferred by estoppel or consent, and the lack thereof can be raised for the first time on appeal. *Ferguson v. Director of Revenue*, 783 S.W.2d 132, 133 (Mo. App.1989). When a court lacks subject matter jurisdiction, it can take no action other than to exercise its inherent power to dismiss the petition. *Pool v. Director of Revenue*, 824 S.W.2d 515, 517 (Mo.App.1992). Thus, any action taken by a court lacking subject matter jurisdiction is null and void. *Ferguson*, 783 S.W.2d at 133. The judgment of the trial court is reversed and the case remanded with directions to dismiss the petition.

CRANDALL, P.J., and CRIST, J., concur.