Scott Michael **TURPIN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 48847.

Missouri Court of Appeals,
Western District.

May 31, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael S. Holder, Columbia, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM.

The Director of Revenue appeals the trial court's order that reinstated the driver's license of Scott Turpin. Respondent has filed no brief herein.

Turpin's license was revoked for refusing chemical testing under section 577.041, RSMo Supp.1992. The Director of Revenue mailed a notice of revocation to Turpin. The notice stated that it was mailed on April 23, 1993. On May 26, 1993, thirty-three days later, Turpin filed a petition for review in the circuit court. The Director then filed a motion to dismiss for lack of subject matter jurisdiction because Turpin's petition for review had not been filed within thirty days after the mailing of the notice of revocation. On November 19, 1993, the trial court entered its order sustaining the petition for review and reinstated Turpin's license. It also denied the Director's motion to dismiss. Specifically, the court found that Turpin's petition was timely because it was filed within 30 days of *receipt* of the notice of revocation. The court also found that the notice was defective in that it was mailed to Turpin's Columbia address and not to his St. Peter's address, it did not clearly specify "the statutory grounds for Petitioner's revocation, nor the right of Petitioner to request a hearing, not the procedure for requesting a hearing," nor the date by which that request for a hearing must be made.

On appeal, the Director claims the trial court did not have subject matter jurisdiction to entertain Turpin's petition because the petition was not filed within thirty days of the mailing of the notice of revocation as required by section 302.311, RSMo 1986.

■ The petition for review must be filed within thirty days after the mailing of the notice of revocation, not thirty days from receipt. *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.1993); *Welch v. Director of Revenue*, 859 S.W.2d 230, 231 (Mo.App.1993). These time limitations apply even when the Director fails to refer to the applicable statutory provisions in the notice of revocation or when a driver alleges that he was not given adequate notice of the statutory time limitations. *Keegan v. Director of Revenue*, 769 S.W.2d 197, 198 (Mo.App.1989). A timely filed petition for review is essential to the circuit court's subject matter jurisdiction in section 577.041 proceedings. *Romans v. Director of Revenue*, 783 S.W.2d 894, 895 (Mo. banc 1990); section 302.311, RSMo 1986. Late filing of the petition deprives the circuit court of jurisdiction, and nullifies any judgment rendered. *Johnston v. Director of Revenue*, 851 S.W.2d 128 (Mo.App.1993). Subject matter jurisdiction cannot be conferred by waiver, by consent, or by confession of judgment. *Cross v. Director of Revenue*, 861 S.W.2d 214, 216 (Mo.App.1993).

■ In the case at bar, the notice of revocation states it was mailed on April 23, 1993. Both the file stamp and the docket entry reflect that Turpin filed his petition for review in the circuit court on May 26, 1993, thirty-three days after the notice of revocation was mailed. Therefore, the trial court did not have jurisdiction to consider the petition and its judgment is void. The judgment is reversed and remanded with directions to dismiss the petition.

All concur.