**Gary L. FELDMANN,**
**Petitioner–Respondent,**

v.

**Paul S. McNEILL, Jr., Director of**
**Revenue, Respondent–Appellant.**

**No. 56040.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 1989.

William. L. Webster, Atty. Gen., Mary Browning, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Frederick H. Schwetye, Union, Melvin G. Franke, Villa Ridge, for petitioner-respondent.

PER CURIAM.

Appellant (Director) appeals from the judgment of the trial court granting a petition for review by respondent (Driver) and enjoining Director from revoking driver's operating license. We reverse.

On March 31, 1988, Director mailed a notice to Driver that his driving privileges in Missouri would be revoked for a period of one year beginning May 13, 1988, for failure to take a chemical test. Driver filed his petition for review on July 28, 1988, 116 days after notice is presumed to have been

received by Driver. *See* Section 302.515.2, RSMo (1986). On November 21, 1988, an Assistant Prosecuting Attorney confessed judgment on behalf of Director and the trial court entered judgment for Driver and enjoined Director from revoking Driver's operating license.

This issue has been decided repeatedly by our courts. The trial court lacked subject matter jurisdiction because Driver failed to file his petition for review within the thirty-day time limit proscribed by Section 302.311, RSMo (1986). *See Palazzolo v. Director of Revenue*, 760 S.W.2d 190, 191 (Mo.App.1988). The fact that the Assistant Prosecuting Attorney confessed judgment does nothing to alter the lack of subject matter jurisdiction. *See McGee v. Director of Revenue*, 767 S.W.2d 630, 631 (Mo.App.1989).

Judgment reversed.