**Jeffrey Paul REID, Plaintiff–Appellant,**

v.

**DIRECTOR OF REVENUE, Defendant–Respondent.**

No. 55141.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 1989.

Timothy W. Kelly, Florissant, for plaintiff-appellant.

Dan Holmes, St. Louis, for defendant-respondent.

PUDLOWSKI, Chief Judge.

Appellant, Jeffrey Paul Reid, appeals the trial court's order upholding the Director of Revenue's (respondent) revocation of appellant's driver's license for failure to take a breathalyzer test pursuant to § 577.041 RSMo (1986).

On February 16, 1988, the Director of Revenue mailed a notice revoking appellant's privilege to legally operate a motor vehicle beginning on March 25, 1988, for failing to take a chemical test. Sections 577.020 and 577.041 RSMo (1986). On March 23, 1988 appellant filed a petition for review in the Associate Circuit Court of the County of St. Louis, State of Missouri, requesting the court to order respondent to reinstate appellant's driving privileges. On May 2, 1988 the trial court overruled respondent's motion to dismiss alleging lack of subject matter jurisdiction of the trial court under § 302.311 RSMo (1986). The trial court proceeded upon the merits and ultimately sustained the Director of Revenue's revocation of appellant's driver's license.

On appeal, respondent correctly points out that appellant failed to file his petition for review within 30 days after receiving notice that his license is revoked. Section 302.311 and 536.110.1 RSMo (1986); *Also See McGee v. Director of Revenue, No.* 767 S.W.2d 630, 631 (Mo.App.1989), *Frock v. Goldberg,* 591 S.W.2d 271, 272 (Mo.App. 1979). Additionally, § 302.515.1, RSMo (1986) provides that notice of revocation is deemed received three days after mailing, unless returned. The trial court does not have subject matter jurisdiction after the 30 day period and any relief granted by the court after that time is void. *Palazzolo v. Director of Revenue,* 760 S.W.2d 190, 191 (Mo.App.1988).

There is no apparent dispute that appellant's petition was filed more than thirty days after he received notice of the revocation, notwithstanding the 3 day mailbox rule of § 302.515.2 RSMo (1986). Thus, appellant's late filing deprives the trial court of jurisdiction.

The judgment is reversed and the cause is remanded to the trial court with instructions to dismiss appellant's petition for review for want of jurisdiction.

CRANDALL and CARL M. GAERTNER, JJ., concur.