**Merl Lavern WELCH, Petitioner–Respondent,**

**v.**

**DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.**

**No. 18371.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 11, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

No brief filed for petitioner-respondent.

SHRUM, Judge.

The Director of Revenue appeals the decision by the Circuit Court of Hickory County, which set aside the suspension of Merl Lavern Welch's driving privileges in Missouri.

On May 14, 1990, the Director issued notice by mail to Welch that his privilege to legally operate a motor vehicle in Missouri had been suspended for thirty days,[1] due to his accumulation of eight or more points within eighteen months. The notice, Missouri Department of Revenue Form 104,

---

**1.** The notice required Welch to surrender not only his operator's license but also "all vehicle registration plates issued solely in [his] name."

stated: "This is a final decision of the Director of Revenue. You have 30 days from the date below to appeal this decision to the circuit court of your county of residence in accordance with section 302.311, RSMo." [2] Below this statement in a space designated "Date Mailed" was the handwritten entry "5–14–90".

Thirty-one days later, on June 14, Welch petitioned the Circuit Court of Hickory County for review of the Director's decision. Based on Welch's petition, the court held a hearing and subsequently set aside the Director's suspension of Welch's driving privileges, without objection or argument by the prosecuting attorney who appeared on behalf of the Director. In addition, the court ordered that the violation which triggered Welch's loss of driving privileges be removed from his record.

The Director appeals, challenging the court's subject matter jurisdiction in that Welch filed his petition more than thirty days after his notice of revocation was mailed.

## DISCUSSION AND DECISION

 The rule is well established that failure to file a petition for review of an administrative decision within thirty days, as prescribed by § 302.311, RSMo 1986, deprives the circuit court of subject matter jurisdiction. *Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo.1972). "It is elementary that where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void." *Id.* at 2.

 Section 302.311, RSMo 1986, specifies that appeal from a license suspension by the Director of Revenue may be taken within thirty days in the manner provided by Chapter 536, RSMo. The section of Chapter 536 which governs the filing of petitions states that "the thirty-day period ... shall run from the date of delivery or mailing of notice of the agency's decision...." § 536.110, RSMo 1986.[3] Notice of suspension or revocation shall be mailed unless already served by the enforcement officer. § 302.515, RSMo 1986.

In the case at bar, the Director mailed notice to Welch on May 14; therefore, Welch had until June 13 to file a petition within the thirty-day jurisdictional limit. Because Welch filed his petition on June 14, the trial court was without subject matter jurisdiction to hear Welch's case and its order is therefore void.

 Although a lack of subject matter jurisdiction may be raised for the first time on appeal, *Ferguson v. Director of Revenue*, 783 S.W.2d 132, 133 (Mo.App.1989), had the issue been raised by the prosecutor before or during the evidentiary hearing, the unnecessary cost of appeal by the state might have been avoided.

Because the trial court lacked subject matter jurisdiction, we reverse the judgment of the trial court and reinstate the Director's order suspending Welch's driving privileges for thirty days.

PARRISH, C.J., and MONTGOMERY, J., concur.

---

2. Section 302.311, RSMo 1986, provides: "In the event ... that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that ... license is suspended or revoked.... Appeals from the judgment of the circuit court may be taken as in civil cases...."

3. Although under the Missouri Rules of Civil Procedure an additional three days is added to deadlines imposed by documents served by mail, pursuant to Rule 44.01(e) the Missouri Supreme Court established that "proceedings for review [of administrative decisions] may not be instituted by filing a petition in the circuit court 33 days after the date of mailing." *R.B. Industries v. Goldberg*, 601 S.W.2d 5, 7[1] (Mo. banc 1980).