Sheridan RAMEY, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.

No. 63737.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 23, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant/appellant.

Anthony J. Coultas, St. Louis, for petitioner/respondent.

Before CRANDALL, P.J. and REINHARD and CRIST, JJ.

PER CURIAM.

The Director appeals the trial court's reversal of his revocation of petitioner's driving privileges for failing to submit to a chemical test. We reverse and remand.

The Director of Revenue, pursuant to § 577.041, RSMo Supp.1992, revoked petitioner's driver's license for one year for refusal to take a chemical test.

The Director of Revenue mailed a notice of revocation to petitioner. The notice stated it was mailed on August 11, 1992. On September 15, 1992, (thirty-five days later), petitioner filed a petition for review in the circuit court. In her petition, she alleged that she received a notice of revocation for failure to take a chemical test dated August 11, 1992, and effective September 20, 1992. She further alleged she did not refuse to take the test. The Director filed a motion to dismiss for lack of subject matter jurisdiction, because the petition for review had not been filed within thirty days (30) after the mailing of the notice of revocation. The trial court overruled the motion, holding petitioner had shown "good cause" for the late filing and, therefore, the petition was timely filed.[1] On February 2, 1993, the trial court sustained the petition, after a hearing, and ordered the

---

1. There is no record of the proceedings on the Director's motion.

Director to reinstate petitioner's driving privileges.

█ The Director argues on appeal that the trial court erred in setting aside petitioner's revocation because the court did not have subject matter jurisdiction to review said revocation, as petitioner failed to timely file her petition for review. Petitioner's response breaks down into two sub-parts. First, she contends the notice of revocation was defectively mailed. Although petitioner admits she received the notice of revocation, she claims, in her brief, the notice was mailed to her previous address and, therefore, was defective. The notice itself contains both petitioner's past address and her current address. Statutes require the notice be mailed to both the address which appears in the records and the address which appears in the arresting officer's report. § 302.515.2, § 303.041.1, RSMo 1986. The notice is deemed received three days after mailing, unless returned by the postal authorities. *Id.* Petitioner does not allege the notice was returned to the Director, there is no evidence of such a return in the record, and we will not assume there was such a return. *Griffitt v. Director of Revenue,* 786 S.W.2d 183, 184 (Mo.App.1990).

█ Secondly, petitioner contends that Rule 44.01(e) provides an additional three (3) days be added to the period for filing because the notice was sent by mail. We disagree. The three day extension applies to civil actions, not to reviews of administrative decisions. *Welch v. Director of Revenue,* 859 S.W.2d 230, 231 n. 3 (Mo.App.S.D.1993) (citing *R.B. Industries v. Goldberg,* 601 S.W.2d 5, 7 (Mo. banc 1980)). Petition for review must be filed within thirty (30) days of mailing of notice. § 536.110, RSMo 1986. This petition was not timely filed. Therefore, the court did not have subject matter jurisdiction to review the revocation of petitioner's license and the judgment of the trial court is reversed and the case remanded with directions to dismiss the petition.