**Lowell Clint EVANS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 64442.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 15, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sandra A. Mears, James A. Chenault, III, Sp. Asst. Attys. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Paul E. Madison, Portage Des Sioux, for respondent.

CRIST, Judge.

Director of Revenue (Director) appeals from the judgment of the Circuit Court of St. Charles County, Missouri, reinstating the driver's license of Lowell Evans (Driver) after it was revoked for refusal to take a chemical test. We reverse and remand.

On November 16, 1992, Director mailed Driver a notice of loss of driving privilege, stating Driver's license would be revoked for one year for his failure to take a chemical test. On February 2, 1993, Driver filed a petition for review with the Circuit Court of St. Charles County, alleging Director erred in revoking his driving privileges. Director filed a motion to dismiss the petition for lack of subject matter jurisdiction. The trial court set the motion for hearing but never ruled on the motion. On June 21, 1993, an assistant prosecuting attorney for St. Charles County confessed judgment in the case. The trial court then ordered the restoration of Driver's license.

On appeal, Director argues the trial court erred in restoring Driver's license. Director contends Driver failed to file his petition for review with the circuit court in a timely fashion, thereby depriving the court of subject matter jurisdiction. We agree.

When a driver's license has been revoked for failure to take a chemical test pursuant to § 577.041, RSMo Supp.1993, that driver has thirty days after notice to file a petition for review. § 302.311, RSMo 1986; *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990). Section 536.110, RSMo 1986, further provides the thirty-day period "shall run from the date of the delivery or mailing of notice of the agency's decision...." Therefore, Driver must have filed his petition for review with the circuit court within thirty days of the mailing or delivery of notice of revocation. *See, Welch v. Director of Revenue*, 859 S.W.2d 230, 231[3] (Mo.App.1993). Here, notice was mailed on November 16, 1992. Further, Driver did not allege in his petition a date of delivery within thirty days of its filing and no evidence exists to support such a finding. Therefore, Driver's petition for review filed on February 2, 1993, is untimely. *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.1993).

Driver's failure to file a timely petition deprives the trial court of subject matter jurisdiction. *Romans*, 783 S.W.2d at 896; *Welch*, 859 S.W.2d at 231. "Any action taken

by a court lacking subject matter jurisdiction is null and void." *Ferguson v. Director of Revenue,* 783 S.W.2d 132, 133 (Mo.App.1989). Accordingly, the trial court's reinstatement of Driver's license was null and void.

■ In response, Driver argues reversing the trial court's decision would violate his plea bargain with the State. Driver contends the State's confession of judgment in conformance with a plea bargain prevents our reversal. However, a confession of judgment cannot vest a court with subject matter jurisdiction which is otherwise lacking. *See, Pool v. Director of Revenue,* 824 S.W.2d 515, 517[6] (Mo.App.1992) (subject matter jurisdiction may not be waived or agreed to); *Feldmann v. McNeill,* 772 S.W.2d 409, 410 (Mo.App.1989) (confession of judgment does not alter subject matter jurisdiction). Indeed, Rule 55.27(g)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss the action.*" (emphasis added). Further discussion of this case and Driver's counterpoints would have no precedential value. Rule 84.16(b).

We reverse the decision of the trial court and remand with directions to the trial court to dismiss Driver's petition.

CRANDALL, P.J., and REINHARD, J., concur.