**Barb HOWELL, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Appellant.**

No. 64878.

Missouri Court of Appeals, Eastern District, Division Five.

March 29, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Timothy J. Farrell, O'Fallon, for respondent.

GARY M. GAERTNER, Chief Judge.

Appellant, Director of Revenue, State of Missouri, appeals from a final order entered in the Circuit Court of St. Charles County reinstating respondent's, Barb Howell's, driving privileges after her failure to submit to a chemical test to determine her blood alcohol content. We reverse.

Respondent was issued a notice of revocation for refusing to submit to a chemical test to determine her blood alcohol content on February 26, 1993. On April 2, 1993, thirty-five days later, respondent filed a petition for review with the trial court to challenge the revocation.

Appellant filed a motion to dismiss the petition on April 30, 1993, asserting the lower court lacked subject matter jurisdiction due to respondent's failure to timely file her petition for review. On September 14, 1993, the local prosecuting attorney confessed the petition, and the court below entered an order reinstating respondent's driving privileges. This appeal ensued.

RSMo § 302.311 (1986) provides:

In the event ... a license is suspended ... by the director, the ... licensee so aggrieved may appeal to the circuit court of the county of his residence ... for the review of administrative decisions at any time within *thirty* days after notice that a license ... is suspended ... (emphasis added).

Missouri courts have held the failure to file a petition for administrative review within the 30 days provided under the statute deprives the circuit court of subject matter jurisdiction. *Welch v. Director of Revenue*, 859 S.W.2d 230, 231 (Mo.App.S.D.1993); *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.E.D.1993). Additionally, the lack of subject matter jurisdiction cannot be altered by the fact that a prosecuting attorney confessed judgment. *Feldmann v. McNeill*, 772 S.W.2d 409, 410 (Mo.App.E.D. 1989). Therefore, respondent's petition for review filed thirty-five days after notice of revocation was untimely, and the circuit court improperly reinstated respondent's driving privileges.

Based on the foregoing, the order of the circuit court is reversed.

SIMON and PUDLOWSKI, JJ., concur.