Jerry L. BAUER, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 64836.

Missouri Court of Appeals, Eastern District, Division One.

May 10, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael M. Frank, Clayton, for respondent.

CRIST, Judge.

The Director of Revenue (Director) appeals the trial court's reinstatement of driving privileges to Jerry Bauer (Driver) after their revocation for failure to submit to a chemical test. We reverse and remand.

The Director revoked the driver's license of Driver for one year for failure to submit to a chemical test, pursuant to § 577.041, RSMo Supp.1993. The notice of revocation stated it was mailed on June 29, 1993. On August 2, 1993, Driver filed a petition for review in the circuit court. In the petition, Driver alleged he was notified of the revocation of his license on or about June 29, 1993. On August 27, 1993, the prosecuting attorney confessed judgment in the case and the trial court reinstated Driver's license.

Director contends the trial court was without jurisdiction to reinstate Driver's license, because Driver had failed to timely file his petition for review. We agree. Driver had only thirty days after notice of revocation to file his petition for review. § 302.311, RSMo 1986; *Romans v. Director of Revenue,* 783 S.W.2d 894, 896 (Mo. banc 1990). The thirty days runs from the date of delivery or mailing of notice. § 536.110, RSMo 1986; *Welch*

*v. Director of Revenue,* 859 S.W.2d 230, 231 (Mo.App.1993).

Notice was mailed to Driver on June 29, 1993, and Driver admitted in his petition he was notified on or about June 29, 1993. Therefore, Driver's petition filed on August 2, 1993, thirty-four days later, is untimely. *See, Evans v. Director of Revenue,* 871 S.W.2d 90, 91 (Mo.App.1994); *Ramey v. Director of Revenue,* 865 S.W.2d 442, 443 (Mo. App.1993). This failure to file a timely petition deprives the trial court of jurisdiction, and the court's reinstatement of Driver's license is null and void. *See, Romans,* 783 S.W.2d at 896; *Welch,* 859 S.W.2d at 231; *Johnston v. Director of Revenue,* 851 S.W.2d 128, 128 (Mo.App.1993). In addition, the prosecuting attorney's confession of judgment does not vest the court with subject matter jurisdiction which is otherwise lacking. *Feldmann v. McNeill,* 772 S.W.2d 409, 410 (Mo.App.1989).

We reverse the decision of the trial court and remand with directions to the trial court to dismiss Driver's petition.

CRANDALL, P.J., and REINHARD, J., concur.