**Benjamin G. GUSTAFSON, Respondent,**

v.

**DIRECTOR OF REVENUE, State
of Missouri, Appellant.**

**No. 64879.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Gordon D. Prinster, St. Charles, for respondent.

CRIST, Judge.

The Director of Revenue (Director) appeals from the decision of the trial court to reinstate the driver's license of Benjamin G. Gustafson (Driver) after it was revoked for his failure to submit to a chemical test. We reverse and remand.

The Director revoked the driver's license of Driver for one year for failure to submit to a chemical test, pursuant to § 577.041, RSMo Supp.1993. The notice of revocation states it

was mailed on April 2, 1993. On May 20, 1993, forty-eight days later, Driver filed a petition for review with the circuit court. Driver's petition did not allege when notice was mailed or delivered. On August 24, 1994, the prosecuting attorney confessed judgment in the case, and the court reinstated Driver's license.

Director contends this reinstatement was in error, because Driver's petition for review was filed untimely, depriving the trial court of jurisdiction. We agree. Driver had only thirty days after notice of revocation to file his petition for review. § 302.311, RSMo 1986; *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990). The thirty-day period runs from the date of delivery or mailing of the notice of revocation. § 536.-110, RSMo 1986; *Welch v. Director of Revenue*, 859 S.W.2d 230, 231 (Mo.App.1993).

Notice to Driver was mailed on April 2, 1993. Further, Driver failed to allege a different date of delivery or mailing. Therefore, Driver's petition filed forty-eight days after mailing of the notice of revocation is untimely. *See, Evans v. Director of Revenue*, 871 S.W.2d 90, 91 (Mo.App.1994); *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.1993). This failure to file a timely petition deprived the trial court of jurisdiction, making the reinstatement of Driver's license null and void. *Romans*, 783 S.W.2d at 896; *Welch*, 859 S.W.2d at 231.

The trial court's judgment is reversed and remanded with directions to dismiss Driver's petition.

CRANDALL, P.J., and REINHARD, J., concur.