**Katherine GUNN, Defendant/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Plaintiff/Appellant.**

No. 65059.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for plaintiff/appellant.

Bradley W. Cundiff, St. Peters, for defendant/respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals the circuit court's order restoring petitioner's driving privileges after they had been revoked by the Director for failing to submit to a chemical test. We reverse and remand.

The Director, pursuant to § 577.041, RSMo Supp.1993, revoked petitioner's driving privileges for one year (effective April 6, 1993) for refusing to submit to a chemical test. The Notice of Revocation was mailed on March 5, 1993. On June 15, 1993, petitioner filed a petition for review alleging "the arresting officer did not have reasonable grounds to believe that [petitioner] was driving a motor vehicle while in an intoxicated condition and [petitioner] did not refuse to submit to a chemical test...."

On June 24, 1993, the Director filed a Confession of Petition for Review. On July 6, 1993, the Director filed a Motion to Dissolve Stay and to Dismiss for Lack of Subject Matter Jurisdiction, contending the court lacked subject matter jurisdiction because

petitioner had not filed her petition within thirty (30) days after the mailing of the revocation notice.

There is no indication the court ruled on the Director's motion to dismiss. On September 14, 1993, the circuit court, noting the Director's confession of the petition for review, ordered petitioner's driving privileges be restored.

On appeal, the Director repeats her assertion that the circuit court was without subject matter jurisdiction to review the revocation. We agree. A petition for review must be filed within thirty (30) days of the mailing of the notice of revocation. *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.E.D.1993); § 536.110, RSMo 1986. Failure to timely file such a petition deprives the circuit court of subject matter jurisdiction. *Ramey*, 865 S.W.2d at 443. When a court lacks subject matter jurisdiction, it can take no action other than exercising its inherent power to dismiss. Rule 55.27(g)(3); *Pool v. Director of Revenue*, 824 S.W.2d 515, 517 (Mo.App.S.D.1992).

The petition for review here was filed 102 days after the notice was mailed. The Director's confession of judgment in this case is, therefore, irrelevant.[1] *Evans v. Director of Revenue*, 871 S.W.2d 90, 92 (Mo.App.E.D. 1994); *Feldmann v. McNeill*, 772 S.W.2d 409, 410 (Mo.App.1989). Subject matter jurisdiction may not be agreed to or waived, and any action taken by a court lacking subject matter jurisdiction is null and void. *Evans*, 871 S.W.2d at 91–92.

The circuit court's order is reversed and remanded with instructions that the petition be dismissed.

CRANDALL, P.J., and CRIST, J., concur.

---

**1.** Petitioner admitted in her petition she had received the revocation notice, and made no allegations that the notice was, in any way, irregular. Notice is deemed received three days after mailing, unless returned by the postal authorities. *Ramey*, 865 S.W.2d at 443.