**Cynthia Jean SUGLIO,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.**

**No. 65367.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 12, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Reginald P. Bodeux, Niedner, Ahleim, Bodeux and Dorsey, St. Charles, for respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals the trial court's reversal of her revocation of petitioner's driving privileges for refusing to submit to a chemical test. We reverse and remand.

Petitioner was arrested on November 16, 1992. The Director revoked petitioner's driver's license, pursuant to § 577.041, RSMo Supp.1993, for refusal to submit to a chemical test.

The Director mailed a notice of revocation to petitioner on December 8, 1992. On April 13, 1993, petitioner filed a petition for review in the trial court. On May 19, 1993, the Director filed a motion to dismiss, contending the court below lacked subject matter jurisdiction due to petitioner's failure to timely

file for review. The court denied the motion, finding that Director sent a faulty notice which was "confusing and, therefore, improper". On November 8, 1993, the cause was confessed by an assistant prosecuting attorney. On November 23, 1993, the court entered an order reinstating petitioner's driving privileges.

■ Petitions for review must be filed within thirty days of mailing of the notice of revocation. § 536.110, RSMo 1986; *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.E.D.1993). Failure to do so deprives the trial court of subject matter jurisdiction. *Ramey*, 865 S.W.2d at 443. Subject matter jurisdiction cannot be waived or agreed to. *Pool v. Director of Revenue*, 824 S.W.2d 515, 517 (Mo.App.1992). A confession of judgment does not vest a court with subject matter jurisdiction which is otherwise lacking. *Evans v. Director of Revenue*, 871 S.W.2d 90, 92 (Mo.App.E.D.1994). When a court lacks subject matter jurisdiction, it can take no action other than to exercise its inherent power to dismiss. *Pool v. Director of Revenue*, 824 S.W.2d 515, 517 (Mo.App. 1992).

■ Petitioner argued at trial[1] that the notice indicated the revocation was to commence thirty-one days after mailing, rather than thirty. Given that the petition was filed three months late, rather than one day, petitioner was not prejudiced by this error. Petitioner also noted the appeal language on the notice was crossed out. The Director's failure to advise petitioner regarding how to appeal a "refusal" revocation does not affect whether the court is vested with jurisdiction over an untimely petition. *Keegan v. Director of Revenue*, 769 S.W.2d 197, 198 (Mo. App.1989).

The judgment of the trial court is reversed and the case remanded with directions to dismiss the petition.

GARY M. GAERTNER, J., and CRAHAN, J., concur.

---

1. We note that petitioner did not file a brief on appeal.