**Glennon J. JOHNSON, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.**

No. 65170.

Missouri Court of Appeals, Eastern District, Division One.

July 12, 1994.

---

1. We note that petitioner did not file a brief on appeal.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Joel B. Eisenstein, Eisenstein, Smith & Burke, St. Charles, for respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals the trial court's reversal of her revocation of petitioner's driving privileges for refusing to submit to a chemical test. We reverse and remand.

Petitioner was arrested for driving while intoxicated on June 29, 1993. The Director revoked petitioner's driver's license, pursuant to § 577.041, RSMo Supp.1993, for refusal to submit to a chemical test.

The Director mailed a notice of revocation to petitioner on July 22, 1993. On August 24, 1993, petitioner filed a petition for review in the trial court. On October 12, 1993, the Director filed a motion to dismiss, contending the court below lacked subject matter jurisdiction due to petitioner's failure to timely file for review. The motion was not heard and, on October 21, 1993, the cause was confessed by an assistant prosecuting attorney, and the court entered an order reinstating petitioner's driving privileges.

 Petitions for review must be filed within thirty days of mailing of notice of revocation. § 536.110, RSMo 1986; *Ramey v. Director of Revenue,* 865 S.W.2d 442, 443 (Mo.App.E.D.1993). Failure to do so deprives the trial court of subject matter jurisdiction. *Ramey,* 865 S.W.2d at 443. Subject matter jurisdiction cannot be waived or agreed to. *Pool v. Director of Revenue,* 824 S.W.2d 515, 517 (Mo.App.1992). A confession of judgment does not vest a court with subject matter jurisdiction which is otherwise lacking. *Evans v. Director of Revenue,* 871 S.W.2d 90, 92 (Mo.App.E.D.1994). When a court lacks subject matter jurisdiction, it can take no action other than to exercise its inherent power to dismiss. *Pool,* 824 S.W.2d at 517.

Here, the notice of revocation was mailed on July 22, 1993. Thirty days later is August 21. Because August 21, 1993 was a Saturday, the period for timely filing was extended to Monday, August 23. Rule 44.-01(a). The petition was filed on August 24, and, therefore, was untimely.

The judgment of the trial court is reversed and the case remanded with directions to dismiss the petition.

GARY M. GAERTNER, C.J., and CRAHAN, J., concur.