Craig GOGGIN, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.

No. 65450.

Missouri Court of Appeals, Eastern District, Division One.

July 19, 1994.

Timothy J. Farrell, Burlison & Farrell, O'Fallon, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the trial court's reversal of her revocation of petitioner's driving privileges for refusing to submit to a chemical test. We reverse and remand.

Petitioner was arrested for driving while intoxicated on October 4, 1992. The Director revoked petitioner's driver's license for refusing to submit to a chemical test.

The Director mailed a notice of revocation to petitioner on November 20, 1992. On April 2, 1993, petitioner filed a petition for review in the trial court. On May 11, 1993, the Director filed a motion to dismiss, contending the court below lacked subject matter jurisdiction due to petitioner's failure to timely file for review. The motion was not heard and, on November 29, 1993, the cause was confessed by the prosecuting attorney. On November 30, 1993, the court entered an order reinstating petitioner's driving privileges.

Petitions for review must be filed within thirty days of mailing of the notice of revocation. § 536.110, RSMo 1986; *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo. App.E.D.1993). Failure to do so deprives the trial court of subject matter jurisdiction. *Ramey*, 865 S.W.2d at 443. Subject matter jurisdiction cannot be waived or agreed to. *Pool v. Director of Revenue*, 824 S.W.2d 515, 517 (Mo.App.1992). A confession of judgment does not vest a court with subject matter jurisdiction which is otherwise lacking. *Evans v. Director of Revenue*, 871 S.W.2d 90, 92 (Mo.App.E.D.1994). When a court lacks subject matter jurisdiction, it can take no action other than to exercise its inherent power to dismiss. *Pool*, 824 S.W.2d at 517.

Here, the notice of revocation was mailed on November 20, 1992. The petition was filed on April 2, 1993 and, therefore, was untimely.

The judgment of the trial court is reversed and the case remanded with directions to dismiss the petition.

GARY M. GAERTNER and CRAHAN, JJ., concur.