**John KLINEDINST, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. 19334.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 14, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

William E. Hickle, Carnahan, Carnahan & Hickle, Rolla, for respondent.

MONTGOMERY, Judge.

On December 20, 1992, Respondent was arrested for driving while intoxicated. He refused to submit to a chemical test to determine the alcohol content of his blood. *See* § 577.020, RSMo 1986. Thereafter, Appellant sought to revoke Respondent's drivers license for a one-year period under § 577.-041, RSMo Supp.1992.

Appellant mailed to Respondent Form 104, "Notice of Loss of Driving Privilege," which advised Respondent of his one-year revocation, effective January 29, 1993. On February 2, 1993, Respondent filed a petition for review seeking to challenge the revocation.

Appellant filed a motion to dismiss the petition alleging it was untimely filed. Incorporated in the motion was a copy of Respondent's drivers license record which included a copy of Form 104. That notice revealed a mailing date of "12–30–92." The entire record was "certified in accordance with Section 302.312 RSMo" by the "Custodian of Records, Drivers License Bureau, Missouri Department of Revenue." After the prosecutor entered his appearance, he called up the motion for hearing on May 6, 1993. However, the docket sheet does not show any disposition of the motion on that date.

The next docket entry shows that the prosecutor and Respondent's attorney entered into a stipulation on October 5, 1993, whereby they agreed to the entry of a judgment reinstating Respondent's drivers license. The stipulation does not mention the date Appellant mailed the notice of revocation or the date Respondent received it. On October 19, 1993, the trial court entered an order

finding that Respondent had timely appealed by filing his petition within thirty days of receipt of the revocation notice and ordered the revocation set aside. This appeal followed.[1]

The Appellant maintains here that the trial court lacked subject matter jurisdiction because Respondent failed to timely file his petition for review. Respondent counters by arguing that the pleadings before the trial court did not contain admissions which would support a finding of untimeliness. Respondent correctly points out that his pleadings contain no admission as to the date he received notice of revocation.

Respondent's argument ignores § 302.312, RSMo Supp.1992, which provides:

Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

Thus, when the trial court found that Respondent's petition was timely filed, the only evidence before the court on timeliness was Respondent's driving record which revealed that the notice was mailed December 30, 1992. The petition for review was filed thirty-four days later.

However, Respondent argues that the trial court properly ignored the contents of his certified driving record because the notice was "an out of court hearsay statement of unknown reliability." Due to the limited record in this case, we are unaware of any objection made by Respondent to preclude the trial court from considering the mailing date on Form 104.

■ Respondent candidly acknowledges that a trial court is deprived of subject matter jurisdiction if the petition for review of an order revoking driving privileges is filed more than thirty days from the date of the mailing of the notice of revocation. *See* § 302.311, RSMo 1986; *Tabaka v. Director of Revenue,* 876 S.W.2d 816, 817 (Mo.App.1994); *Jaycox v. Director of Revenue,* 875 S.W.2d 605 (Mo.App.1994).

■ Therefore, if Respondent's certified driving record was properly before the trial court, the order reinstating Respondent's drivers license was erroneously entered. Although not cited by Respondent, we are mindful of *Hadlock v. Director of Revenue,* 860 S.W.2d 335 (Mo. banc 1993), where the Supreme Court held that copies of documents on file with the Department of Revenue, although properly certified under § 302.312, are subject "to the same foundation objections as would be their originals: authentication and hearsay." *Id.* at 338. Here, however, the record is barren of any objection to the trial court's consideration of Respondent's certified driving record to determine its jurisdiction. As a result, any objection related to a defective foundation was waived. *Tranchilla v. Director of Revenue,* No. 64595, slip op. at 3, 4, 1994 WL 241361 (E.D.Mo. June 7, 1994).

When the trial court found that Respondent's petition was timely filed, the record revealed the opposite. Section 302.312 dictates that copies of Respondent's drivers license record "shall be admissible as evidence in all courts of this state." Clearly, the trial court's finding overlooked the only evidence in the record concerning the date the notice was mailed to Respondent.

■ Regardless of the prosecutor's stipulation, subject matter jurisdiction cannot be conferred by waiver, by consent, or by confession of judgment. *Miller v. Director of Revenue,* 871 S.W.2d 648, 649 (Mo.App.1994). Respondent filed his petition for review more than thirty days from the date of the mailing of the notice of revocation. Therefore, the trial court lacked jurisdiction to order his drivers license reinstated.

1. The record on appeal consists of only the legal file. Apparently no transcript was made of any proceedings in the trial court.

The order entered October 19, 1993, is reversed, and the cause remanded with directions to dismiss Respondent's petition.

SHRUM, C.J., and FLANIGAN, J., concur.