**David D. FITZGIBBONS, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 65996.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

Richard A. Fredman, St. Louis, for petitioner/respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the judgment of the circuit court ordering the Director to issue a driver's license to petitioner. We reverse and remand with directions to dismiss the petition.

Petitioner applied for a Missouri driver's license on April 19, 1993. A license (apparently temporary) was issued on April 20, 1993. On May 14, 1993, the Director sent petitioner a letter which stated:

On April 19[,] 1993, you applied for a Missouri driver license. After receiving information from the STATE of CALIFORNIA concerning your license denial for driving while intoxicated,[1] this is to inform you that you are ineligible for a license in Missouri until May 24[,] 1995[.]

The basis for this decision is stated in [§] 302.600, RSMo.,[2] which provides for denial of a license if the applicant is considered to be unsafe for licensing. If you are aggrieved by the decision of the Department of Revenue, you may file an appeal in the Circuit Court in your County of residence.

On July 27, 1993, petitioner filed his petition for review of the Director's denial of his license application. A hearing was held on the petition for review on February 9, 1994. Subsequently, the circuit court ordered the Director to issue petitioner a driver's license.

■ In her first point on appeal, the Director states:

The court below erred in setting aside the denial of [petitioner's] driving privilege because the court lacked subject matter jurisdiction in this matter, in that [petitioner] failed to timely file his petition for review.

Section 302.311, RSMo 1986, states:

In the event *an application for a license is denied* or withheld, or in the event that a license is suspended or revoked by the director, *the applicant or licensee so aggrieved may appeal* to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions *at any time within thirty days after notice that a*

1. Petitioner had two California convictions for driving while intoxicated (DWI); on June 19, 1987 and April 9, 1990. He also had a May 11, 1983, Missouri DWI conviction.

2. *See* § 302.600, ARTICLE V, RSMo 1986, which states, in relevant part:

Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held, or is the holder of a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:

＊　＊　＊　＊　＊　＊

(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such

revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law. *The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways.* (Emphasis added).

*license is denied or withheld* or that a license is suspended or revoked. (Emphasis added).

Petitioner concedes his petition for review was filed over thirty days after the notice his application was denied. His argument that the thirty day limitation was inapplicable in this case is without merit.[3] Failure to timely file a petition for review deprives the circuit court of subject matter jurisdiction. *Ramey v. Director of Revenue*, 865 S.W.2d 442, 443 (Mo.App.E.D.1993). When a court lacks subject matter jurisdiction, it can take no action other than exercising its inherent power to dismiss. Rule 55.27(g)(3); *Suglio v. Director of Revenue*, 879 S.W.2d 753, 754 (Mo.App.E.D.1994). Subject matter jurisdiction may not be agreed to or waived, and any action taken by a court lacking subject matter jurisdiction is null and void. *Gunn v. Director of Revenue*, 876 S.W.2d 42, 43 (Mo.App.E.D.1994).

There is no need to examine the Director's remaining point on appeal. The judgment of the circuit court is reversed and remanded with directions to dismiss the petition.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

**3.** Petitioner relies on the Western District case of *Deline v. Director of Revenue*, No. 48699, 1994 WL 475592 (Mo.App.W.D. Sept. 6, 1994). The *Deline* case was transferred to our supreme court on December 28, 1994. The decision of the court of appeals in a case subsequently transferred is of no precedential effect. *Philmon v. Baum*, 865 S.W.2d 771, 774 (Mo.App.W.D.1993). However, an examination of the circumstances of *Deline* reveals no similarities to those of the instant case.