**Deon Cornet PELLOQUIN, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 66610.

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1995.

George D. Pittman, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals the judgment of the circuit court ordering the reinstatement of driving privileges to Deon Pelloquin ("Driver"). We reverse and remand with directions to dismiss the petition.

Director revoked Driver's license for refusing to submit to a chemical test pursuant to § 577.041 RSMo Cum.Supp.1993. Director

mailed a notice of such revocation to Driver on June 18, 1993.

On July 20, 1993, Driver filed a petition for review of the revocation in the circuit court. In the petition, Driver claimed illegal arrest and insufficient grounds by the arresting officer to believe he was either driving or intoxicated. Driver also claimed that the officer improperly requested the chemical test and that he did not refuse to submit to the test.

Director filed a motion to dismiss the petition on the grounds it was untimely filed. The court later denied Director's motion.

On June 14, 1994, Director confessed the petition for review, and the court ordered reinstatement of Driver's driving privileges. Director subsequently filed a motion to set aside the court's order for lack of subject matter jurisdiction, citing the untimeliness of Driver's petition for review. The court overruled the motion and this appeal followed.

Director's sole point on appeal alleges the trial court erred in setting aside the revocation because the court did not have subject matter jurisdiction to entertain the petition. Director claims subject matter jurisdiction was lacking because Driver filed his petition for review more than thirty days after the notice of revocation was mailed.

Section 302.311, RSMo 1986, provides:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

Section 536.110, RSMo 1986, provides that "the thirty-day period ... shall run from the date of the delivery or mailing of notice of the agency's decision ..." § 536.110.2 RSMo 1986; *Welch v. Director of Revenue,* 859 S.W.2d 230, 231 (Mo.App.1993). This thirty-day filing limit applies to revocations under § 577.041. *Romans v. Director of Revenue,* 783 S.W.2d 894, 896 (Mo. banc 1990).

Filing the petition for review out of time deprives the circuit court of jurisdiction. *Ramey v. Director of Revenue,* 865 S.W.2d 442, 443 (Mo.App.1993). When the court lacks subject matter jurisdiction, the court can do nothing more than exercise its inherent power to dismiss. Rule 55.27(g)(3); *Suglio v. Director of Revenue,* 879 S.W.2d 753, 754 (Mo.App.1994). Subject matter jurisdiction cannot be agreed to or waived, and any action a court without jurisdiction takes is null and void. *Gunn v. Director of Revenue,* 876 S.W.2d 42, 43 (Mo.App.1994).

Here, the notice of revocation was mailed on June 18, 1993. The thirty-day period during which to file the petition for review expired on July 19, 1993. Driver filed his petition for review on July 20, 1993, one day late. The circuit court therefore did not have subject matter jurisdiction.

Petitioner argues that in addition to the time limitations imposed by § 302.311, quoted above, § 302.515, RSMo 1986, provides an additional three days for filing. Section 302.515.2 states that a notice of revocation is deemed received three days after mailing, unless returned by the postal authorities. Petitioner asserts that the notice mailed to him on June 18th is not deemed received until June 21st and his petition filed on July 20th was therefore filed within the thirty-day period.

The flaw in Petitioner's argument is that § 536.110 expressly provides that the thirty-day period for filing the petition for review runs "from the date of [hand] delivery or *mailing of notice* of the agency's decision," not from the date of receipt.[1] (emphasis added).

As Petitioner points out, there is *dicta* in *Reid v. Director of Revenue,* 772 S.W.2d 28 (Mo.App.1989) and *Palazzolo v. Director of Revenue,* 760 S.W.2d 190 (Mo.App.1988) which can be read to suggest that the three

---

1. In the recent case *Ramey v. Director of Revenue,* 865 S.W.2d 442, 443 (Mo.App.1993), this court refused to extend the filing period by three days under Rule 44.01(e) for petitions for review under § 302.311. The court reasoned the Rule's three-day extension applied to civil actions, not to reviews of administrative decisions. *Id.* at 443.

day period provided in § 302.515.2 applies to extend the date of filing.[2] When viewed in its proper context, however, it is clear that § 302.515.2 does not pertain in any way to the time for filing a petition in the circuit court. Rather § 302.515.2 serves to define when a suspension or revocation becomes effective in those cases where a law enforcement officer forwards a verified report to the department pursuant to § 302.510 and the department thereafter determines the license should be suspended or revoked. Section 302.525 provides that the suspension or revocation becomes effective fifteen days after the driver receives the notice, or is deemed to have received the notice pursuant to § 302.515. If during that period, the driver delivers or mails a request for hearing, the suspension or revocation is stayed until a decision is rendered following the administrative hearing. § 302.525 RSMo 1994. Thus, § 302.515 does, in certain circumstances, operate to extend the time for filing an appeal *to the department.* It has no application, however, to the filing of a petition in the circuit court. That procedure, as discussed above, is governed by §§ 302.311 and 536.110, which provide for a thirty-day period that commences with delivery *or mailing.* To the extent *Reid* and *Palazzolo* suggest otherwise, they should no longer be followed.

The judgment of the circuit court is reversed and remanded with directions to dismiss the petition and reinstate the revocation.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

**2.** The references in these cases to § 302.515.2 are dicta because in neither case would the addi-

tion of three days have rendered the filing timely in the cases before the court.