Richard YANUZZI, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 75236.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

William K. Meehan, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

The Director of Revenue (Director) appeals from the judgment denying Director's motion to set aside for lack of subject matter jurisdiction pursuant to Rule 74.06(b)(4). We reverse and remand.

Richard Yanuzzi (Driver) was arrested on October 15, 1997 for driving while intoxicated. Director revoked his driving privileges pursuant to section 577.041, RSMo Cum.Supp.1997, for refusal to submit to a chemical breath test. Director mailed notice of the revocation to Driver on November 5, 1997. On December 29, 1997, Driver filed a petition for review with the circuit court of St. Louis County. On June 19, 1998, the cause was confessed by an assistant prosecuting attorney and Driver's driving privileges were reinstated.

On July 27, 1998, Director filed a "Motion to Set Aside for Lack of Subject Matter Jurisdiction" pursuant to Rule 74.06(b)(4). In that motion, Director alleged that the circuit court lacked subject matter jurisdiction to enter its judgment of June 19, 1998, because Driver had not filed his petition for review in a timely fashion. On October 20, 1998, the circuit court denied Director's motion because "this point was not raised until seven months after the petition was filed and the matter had been disposed of by confessing the petition for review." Director now appeals from this judgment.

Initially, we must address Driver's contention that Director's appeal is untimely. Driver contends that Director should have filed his notice of appeal within 10 days of

the June 19, 1998 judgment becoming final. Driver argues the June 19th judgment became final on July 19, 1998 and therefore, Director should have filed his appeal within ten days after July 19th.

■ We disagree. Director attacked the June 19th final judgment in an independent action pursuant to Rule 74.06(b)(4) and the court entered a separate judgment denying Director's motion.[1] That judgment denying Director's Rule 74.06(b) motion was a separate, appealable judgment. *See, Kueper v. Murphy Distributing*, 834 S.W.2d 875, 878 (Mo.App. E.D.1992). Therefore, Director's notice of appeal was not untimely. At worst, the notice of appeal was filed early. However, a premature notice of appeal is considered as filed immediately after the judgment becomes final. Rule 81.05(b).

On appeal, Director contends the circuit court erred in denying the Rule 74.06(b) motion because the court did not have subject matter jurisdiction over Driver's untimely petition and therefore, its judgment of June 19, 1998 was void.

■ We will not interfere with the court's action on the Rule 74.06 motion unless the record convinces us that an abuse of discretion has occurred. *Jeffries v. Jeffries*, 840 S.W.2d 291, 293 (Mo.App. E.D.1992).

■ Petitions for review must be filed within 30 days of mailing of the notice of revocation. Section 536.110, RSMo 1994. Failure to do so deprives a trial court of subject matter jurisdiction. *Johnson v. Director of Revenue*, 879 S.W.2d 754, 755 (Mo.App. E.D.1994). Moreover, subject matter jurisdiction cannot be waived or agreed to. *Goggin v. Director of Revenue*, 878 S.W.2d 931, 931 (Mo.App. E.D.1994). Therefore, a confession of judgment will not vest a court with subject matter jurisdiction which is otherwise lacking. *Evans v. Director of Revenue*, 871 S.W.2d 90, 92

(Mo.App. E.D.1994). When a trial court lacks subject matter jurisdiction, it can take no action other than dismiss the case. *Suglio v. Director of Revenue*, 879 S.W.2d 753, 754 (Mo.App. E.D.1994). Any other action is null and void. *Evans*, 871 S.W.2d at 91–92.

■ In the case at hand, Driver filed his petition for review more than 30 days from the mailing of the notice of revocation. Therefore, the circuit court was never vested with subject matter jurisdiction and its judgment of June 19th was null and void. Moreover, the court erred in concluding Director had waived the issue by confessing judgment. As noted in Rule 55.27(g)(3), whenever it appears the trial court lacks subject matter jurisdiction, "the court shall dismiss the action." Accordingly, the circuit court abused its discretion in failing to grant Director's Rule 74.06(b) motion.

Driver also contends the confession of the petition for review was part of a plea agreement and he pleaded guilty to the underlying criminal charge in this case in return for the confession of the petition. However, nothing in the record before us in this matter shows any evidence of a plea agreement. In light of the paucity of the record in this case, we do not address Driver's contention further.

We do note, however, that the fact pattern of the current case is a recurring one. Pelloquin v. Director of Revenue, 894 S.W.2d 235 (Mo.App. E.D.1995), Suglio v. Director of Revenue, 879 S.W.2d 753 (Mo. App. E.D.1994), Johnson v. Director of Revenue, 879 S.W.2d 754 (Mo.App. E.D. 1994), Gunn v. Director of Revenue, 876 S.W.2d 42 (Mo.App. E.D.1994), Evans v. Director of Revenue, 871 S.W.2d 90 (Mo. App. E.D.1994), Klinedinst v. Director of Revenue, 883 S.W.2d 556 (Mo.App. S.D. 1994), Cross v. Director of Revenue, 861 S.W.2d 214 (Mo.App. E.D.1993). The driv-

1. A motion filed under Rule 74.06(b)(4) may be filed after a judgment is final. Rule 74.06(c). Moreover, the reasonable time re-

quirement of Rule 74.06(c) does not apply to void judgments. *Williams v. Williams*, 932 S.W.2d 904, 905–06 (Mo.App. E.D.1996).

er, by an untimely petition for review, contests administrative action taken against him by the Director of Revenue. The prosecuting attorney, representing the Director, confesses judgment in the petition for review of the administrative action. Such confession of judgment may be in aid of a related plea agreement. The Director, dissatisfied with the confession of judgment in an untimely filed petition for review, contests the court's jurisdiction to enter the judgment. We appear to have an administrative system that regularly countenances one attorney representing the Director of Revenue challenging an agreement reached weeks earlier by another attorney for the Director. One might understandably question whether this fosters respect for the administration of justice. Prosecuting attorneys and the Director of Revenue would do well to coordinate their administrative efforts to avoid this anomaly.[2] Also, if such confession of judgment is in furtherance of a related plea agreement, we will avoid the injustice of a defendant being deprived of the benefit of the bargain he struck.[3]

The judgment of the trial court is reversed and the case remanded with directions for the trial court to grant Director's Rule 74.06(b) motion, set aside the June 19th judgment and dismiss Driver's petition for review. Driver's motion for sanctions for frivolous appeal is denied.

SIMON, P.J., and CRANE, J., concur.

2. Drivers, their attorneys, and trial courts also bear responsibility to avoid the entry of judgments when there is no subject matter jurisdiction.

3. Although the confession of judgment may be legally collateral to a plea agreement, it is nevertheless commonly understood to be part of the bargain.