Eugene B. ALLEN, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 75888.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 12, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Todd A. Mandell, St. Louis, for respondent.

JAMES R. DOWD, Judge.

The Director of Revenue (Director) appeals from the judgment reinstating the driving privileges of Eugene Allen. We reverse and remand.

On January 23, 1998, Mr. Allen was arrested for driving while intoxicated. Director revoked his driving privileges pursuant to section 577.041, RSMo Cum.Supp. 1997, for refusal to submit to a chemical breath test. On that same day, the arresting officer personally served Mr. Allen with a notice of administrative revocation, informing Mr. Allen that his driving privileges would be revoked 15 days from the date of the notice. The notice outlined the appeal process that:

> Pursuant to Sections 302.311 and 577.041, RSMo, if you wish to contest the revocation of your privilege to drive, you must petition for a hearing before the Circuit Court in the county where the arrest occurred. A petition for review must be filed within 30 days from the date this notice is issued (See date notice issued above).

On March 11, 1998, Mr. Allen filed a petition for review in the circuit court in St. Louis County. Director filed a motion to dismiss on April 16, 1998, contending the circuit court lacked subject matter jurisdiction due to Mr. Allen's failure to file a timely petition for review. The motion was never heard and, on December 10, 1998, an assistant prosecuting attorney admitted Mr. Allen's petition for review was meritorious. Because of the admission, Commissioner Mary Greaves recommended reinstating Mr. Allen's driving privileges. The circuit court entered a judgment adopting her recommendation. Director then filed a "Motion to Set Aside for Lack of Jurisdiction." In that motion, Director asked the circuit court to set aside the judgment, alleging the court lacked subject matter jurisdiction since Mr. Allen had failed to file a timely petition for review. Commissioner Greaves recommended overruling the motion and the circuit court adopted her recommendation. This appeal followed.

On appeal, Director contends the circuit court erred in entering the judgment and in denying his motion to set aside because the circuit court lacked subject matter jurisdiction in this matter. Mr. Allen has not filed a brief responding to Director's appeal.

■ The 30–day time limit of section 302.311, RSMo 1994, applies to petitions filed under section 577.041 seeking review of revocations for refusal to take a breathalyzer test. *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990). Here, the notice was personally served upon Mr. Allen and the 30 days began running on that day. *See, Grate v. Director of Revenue*, 932 S.W.2d 918, 919 (Mo.App. W.D.1996) (30 days begins running on the day the notice is mailed or delivered to the person). However, Mr. Allen did not file his petition for review within 30 days. Mr. Allen's failure to do so deprived the circuit court of subject matter jurisdiction. *Johnson v. Director of Revenue*, 879 S.W.2d 754, 755 (Mo.App. E.D.1994). Moreover, the parties cannot waive subject matter jurisdiction and confession of judgment will not vest a court with subject matter jurisdiction. *Suglio v. Director of Revenue*, 879 S.W.2d 753, 754 (Mo.App. E.D.1994).

■ Here, the prosecuting attorney representing the Director, confessed judgment, but the Director appealed the judgment on the basis of jurisdiction. Judge Lawrence Mooney, writing for a panel of this court, recently analyzed a series of cases with a similar fact pattern and concluded that prosecuting attorneys and the Director should coordinate their efforts to avoid this anomaly. *Yanuzzi v. Director*, No. 75236, slip op. at 4, 1999 WL 364239 (Mo.App. E.D., filed June 8, 1999). The facts of the present case, while distinguishable from *Yanuzzi*, also reveal the lack of respect for the administration of justice that can be engendered if this practice were to continue. In *Yanuzzi*, the motion raising the jurisdictional question was filed seven months after the judgment was entered granting the petition. Here, however, the Director filed a motion to dismiss for lack of subject matter jurisdiction *prior*

*to* the confession of judgment by the prosecuting attorney. Under normal circumstances, the Director would be bound by concessions made by his counsel of record. In this case, the concession purported to confer jurisdiction on the court where none existed. The prosecuting attorney never raised the motion and confessed judgment despite its filing. Under these circumstances, the circuit court could hardly be expected to note the filing of the motion to dismiss. The tremendous press of daily business prevents the circuit court from checking the time clock of every document in the court file and determining if there are pending motions that have not been set for hearing. The court in the normal case is not required nor expected to rule on an unnoticed motion. The circuit court's judgment is void, so we remand to the circuit court with instructions that it set aside its judgment and enter an order dismissing Mr. Allen's petition for review.

GARY M. GAERTNER, P.J., concurs.

PAUL J. SIMON, J., concurs.