**Karen Louise McGEE, Respondent,**

*v.*

**DIRECTOR OF REVENUE, Appellant.**

**No. 55402.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 11, 1989.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Sandra Ann Mears, Gov't Counsel, Jefferson City, for appellant.

Thomas A. Burke, III, St. Charles, for respondent.

CRIST, Judge.

Appellant (director) appeals from a judgment of the circuit court granting a petition for review by respondent (driver) and setting aside the revocation of her driving privileges. We reverse.

On April 14, 1988, director mailed a Notice of Loss of Driving Privileges to driver informing driver her privilege to operate a motor vehicle in the State of Missouri would be revoked for a period of one year beginning May 28, 1988, for failing to take a chemical test. Sections 577.020 and 577.041, RSMo 1986. The notice further informed driver she could appeal the decision in the Circuit Court or Associate Circuit Court in the county where she resides or the county where the arrest occurred. The notice specified no time limit for this appeal.

On July 28, 1988, over ninety days after the mailing of the notice to driver, she filed a petition for review of the revocation. On August 1, 1988, the St. Charles County prosecutor filed a memorandum confessing driver's petition for review, and on August 2, 1988, an order was entered instructing director to restore driver's driving privileges.

Director appeals this decision, asserting the trial court lacked subject matter jurisdiction because driver failed to file her petition for review within the thirty-day time limit specified in §§ 302.311 and 536.110, RSMo 1986. There is no dispute that driver's petition was filed more than thirty days after she received notice of the revocation. *Palazzolo v. Director of Revenue*, 760 S.W.2d 190 (Mo.App.1988), a recent case based upon similar facts, mandates reversal for want of subject matter jurisdiction.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.