**Michael KEEGAN, Plaintiff-Appellant,**

v.

**DIRECTOR, MISSOURI DEPARTMENT of REVENUE, Respondent-Respondent.**

**No. 55062.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

Mary Elizabeth Ott, Clayton, for plaintiff-appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Mark S. Siedlik, Asst. Attys. Gen., Jefferson City, for respondent-respondent.

CRANDALL, Presiding Judge.

Michael Keegan (Driver) appeals from the trial court's order dismissing his petition for review against the Director, Missouri Department of Revenue (Director) to reinstate his driving privileges. We affirm.

Driver was charged with driving while intoxicated on December 9, 1987. His license was revoked because he had refused to submit to a chemical test to determine blood alcohol content. *See* Sections 577.-020, RSMo (1986) and 577.041.1, RSMo (1986). Director notified Driver on December 18, 1987, by certified mail that the one-year revocation of his driving privileges would begin January 31, 1988. Driver filed a petition for review on January 29, 1988. At that time the circuit court issued a stay authorizing Driver to continue to operate his car. The circuit court lifted the stay on June 15, 1988, and dismissed Driver's petition for review because of lack of jurisdiction.

■ Driver contends that the trial court denied him due process of law by dismissing his petition for review. He alleges that he was not given adequate notice of the statutory requirement that a driver must file a petition for review within 30 days after receiving notice that his license is revoked. *See* Sections 302.311, RSMo (1986). Director failed to refer to the applicable statutory provisions in the revocation notice. Additionally, Driver argues that the statutory 30-day time limitation should begin to run from January 31, 1988, because that is the date when the notice of December 18 indicated that Driver's license revocation would be effective.

Petitions for review must be filed within 30 days after notice that a license is revoked. Section 302.311. The circuit court does not have subject matter jurisdiction after the 30-day period and any relief granted by the court after that time is void. *Palazzolo v. Director of Revenue*, 760 S.W.2d 190, 191 (Mo.App.1988). There is no dispute that Driver received notice of the revocation on December 18, 1987, and that he filed his petition for review on January 29, 1988. Therefore, Driver failed to comply with the statutory 30-day time limitation. *See McGee v. Director of Revenue*, 767 S.W.2d 630, 631 (Mo.App.1989).

Furthermore, Driver was not denied due process. He was afforded every opportunity to contest his license revocation pursuant to established statutory requirements which the courts have repeatedly upheld. *See Frock v. Goldberg*, 591 S.W.2d 271, 272 (Mo.App.1979). Driver's allegation of error is denied.

■ Driver also requests that, in the event that we reject his constitutional arguments, he be given a six-month credit to his one-year revocation. He contends that the trial court's lack of subject matter jurisdiction invalidates the January 31, 1988, stay order. Driver argues that his driving privileges were effectively revoked on January 31, 1988, and should have been reinstated on January 31, 1989.

Driver continued to operate his car from January 31, 1988, to June 15, 1988, without surrendering his license as was required by § 302.225.2, RSMo (1986). He has not yet complied with the one-year revocation. Driver's request for a six-month credit on his revocation is denied.

The order of the trial court is affirmed.[1]

REINHARD and CRIST, JJ., concur.

---

1. Director's motion for damages for frivolous appeal is denied. We note that if Director were to include the time constraints of § 302.311 in the notice of revocation, it might minimize future litigation.