**Kyle D. ROMANS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 72083.

Supreme Court of Missouri,
En Banc.

Feb. 13, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sandra A. Mears, Mary Browning, Sp. Asst. Attys. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Thomas C. Fincham, Kansas City, for respondent.

ROBERTSON, Judge.

Appellant, Director of Revenue (Director), appeals an order reinstating the driver's license of Kyle D. Romans. The Director claims the trial court was barred from entertaining the petition because the petition was not filed within thirty days of the notice of revocation as required by Section 302.311, RSMo 1986. The issue is whether the thirty-day filing requirement of Section 302.311 applies to hearings for driver's license revocations under Section 577.041. The Court of Appeals, Western District, affirmed. A dissenting judge certified the case to this Court because of a conflict between the decision in this case and *Palazzolo v. Director of Revenue*, 760 S.W.2d 190 (Mo.App.1988), *McGee v. Director of Revenue*, 767 S.W.2d 630 (Mo. App.1989), and *Keegan v. Director of Revenue*, 769 S.W.2d 197 (Mo.App.1989). We have jurisdiction. Mo.Const. art. V, § 10. Reversed and remanded with directions to dismiss.

I.

Respondent, Kyle D. Romans, refused to submit to a chemical test to determine blood alcohol content. The Director revoked his driver's license pursuant to Section 577.041, RSMo 1986, effective August 11, 1988, by notice sent June 29, 1988. On January 18, 1989, two hundred three days after the notice of revocation was sent and one hundred seventy three days after Section 302.311 permits the filing of an appeal from the revocation, Romans filed his petition to review the revocation. The trial court sustained the petition for review and reinstated Romans' license. Contending that the circuit court was without jurisdiction because the petition should have been filed within thirty days of the revocation as required by Section 302.311, the Director appealed.

II.

Section 577.041.2 provides in pertinent part:

If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred.

Section 302.311 provides:

[I]n the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked....

Respondent claims Section 577.041, RSMo 1986, does not specify a time limit for petitions to review revocations and, therefore, there is no time limit for review. The Director argues that Section 577.041 and Section 302.311 must be read *in pari materia* and the thirty-day limit in Section 302.311 applies to revocations under Section 577.041.

Sections 577.041 and 302.311 both contain procedures to review driver's license revocations by the Director. Section 302.-311 is a general statute that permits review of the revocation of a driving privilege "at any time within thirty days after notice ... that a license is suspended or revoked." Section 577.041 mandates license revocations after refusal to submit to a chemical test if the arresting officer believes "that the arrested person was driving a motor vehicle while in an intoxicated condition." Section 577.041.2 provides a procedure to review those revocations, but establishes no time limit within which review must be sought.

The doctrine of *in pari materia* is a cardinal tenet of statutory construction. "In pari materia" means "upon the same mat-

ter or subject," *Black's Law Dictionary* 711 (5th ed. 1979); the doctrine requires statutes relating to the same subject matter to be construed together even though the statutes are found in different chapters and were enacted at different times.

Statutes must be read in pari materia and, if possible, given effect [sic] to each clause and provision. Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general.

*State ex rel. Fort Zumwalt School Dist. v. Dickherber,* 576 S.W.2d 532, 536–37 (Mo. banc 1979). *Accord Weber v. Missouri State Highway Comm'n,* 639 S.W.2d 825, 829 (Mo.1982); *State v. Kraus,* 530 S.W.2d 684, 686–87 (Mo. banc 1975); *ITT Canteen Corp. v. Spradling,* 526 S.W.2d 11, 16 (Mo. 1975).

There is no repugnancy between the statutes as they relate to time limits imposed for seeking review of the Director's revocation of a license. As Romans' counsel correctly conceded at oral argument, if Section 577.041 established no procedure for seeking review of the Director's decision, Romans could have sought review under Section 302.311. Reading the statutes *in pari materia,* we hold that the thirty-day time limit of Section 302.311 applies to revocations under Section 577.041. Petitions for review must be filed within thirty days of notice of revocation.

The late filing of a petition for review bars the trial court from considering the petition. The trial court's judgment was therefore void. *Palazzolo,* 760 S.W.2d at 191.

### III.

The judgment of the trial court is reversed and remanded with directions to dismiss the petition.

All concur.