**Linda D. GRIFFITT, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 42260.

Missouri Court of Appeals,
Western District.

March 20, 1990.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Fred R. Bunch, Clinton, for respondent.

Before KENNEDY, P.J., and
LOWENSTEIN and BERREY, JJ.

PER CURIAM:

The Director of Revenue appeals from a permanent order staying the proposed revocation of Linda D. Griffitt's driver's license. The Director claims that the trial court lacked subject matter jurisdiction to hear the petition for review in that § 577.041, RSMo Supp.1989, and § 302.311, RSMo 1986, when read in conjunction, provide a 30-day period within which to file a petition for review, and Ms. Griffitt's petition was filed outside that time.

Ms. Griffitt's petition for review states she was notified that effective April 1, 1989, her driver's license was revoked for a period of one year because she had failed to submit to a chemical test for alcohol in violation of § 577.041. The notice was dated April 14, 1989. This petition was filed with the Circuit Court of Henry County, Associate Division, on June 2, 1989, 49 days after notice was sent that Ms. Griffitt's license was revoked. Ms. Griffitt does not

admit or deny receiving the notice of revocation, however, she does not deny the authenticity or accuracy of the copy of that notice attached as an appendix to the Director's brief. The Director contends that the court was without jurisdiction because the petition should have been filed within 30 days of the revocation as required by § 302.311.

The judgment is reversed and remanded with direction to dismiss the petition.

■ The issue is identical to that ruled upon by the Missouri Supreme Court in *Romans v. Director of Revenue,* 783 S.W.2d 894, No. 72083 (Mo. banc 1990). The supreme court held that § 577.041 and § 302.311 must be read *in pari materia* so that the 30-day time limit of § 302.311 applies to revocations under § 577.041. *Romans,* at 895. Therefore, petitions for review must be filed within 30 days of the revocation. *Romans,* at 896.

Ms. Griffitt's petition was filed outside the 30-day time limit. The late filing of a petition for review bars the trial court from considering the petition. *Romans,* at 896. The trial court's judgment was therefore void. *Id.*

■ Although Ms. Griffitt hints in her brief that she may not have actually received the notice, the notice is deemed received three days after mailing, unless returned by postal authorities. § 302.515.2, RSMo 1986. There is no evidence in the record that the notice was in fact returned to the department, and we will not assume that it was.

The judgment of the trial court is reversed and remanded with directions to dismiss the petition.