Clyde W. BALES, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

WD 42261.

Missouri Court of Appeals, Western District.

March 20, 1990.

Waylene Wilhoit Hiles, Jefferson City, for appellant.

James Kelso Journey, Clinton, for respondent.

Before NUGENT, C.J., P.J., FENNER, J. and WASSERSTROM, Senior Judge.

PER CURIAM.

The Director of Revenue appeals from permanent order staying the proposed revocation of Clyde W. Bales' driver's license. The Director claims that the trial court lacked subject matter jurisdiction to hear the petition for review in that § 577.041 and § 302.311, RSMo 1986 [1], when read in conjunction, provide a thirty day period within which to file a petition for review, and Mr. Bale's petition was filed outside that time.

■ Mr. Bales' petition for review states that on or about April 14, 1989, he was notified by the Director that his driver's license was revoked for a period of one year, as of May 25, 1989, for the reason that he had allegedly failed to submit to a chemical test for alcohol in violation of § 577.041. This petition was filed with the Circuit Court of Henry County, Associate Division, on May 23, 1989, thirty-nine days after Mr. Bales admittedly received the notice of revocation. The Director contends that the court was without jurisdiction because the petition should have been filed within thirty days of the revocation as required by § 302.311.

The issue is identical to that ruled upon by the Missouri Supreme Court in *Romans v. Director of Revenue*, 783 S.W.2d 894 (Mo. banc 1990). The Supreme Court held that § 577.041 and § 302.311 must be read *in pari materia* so that the thirty day time limit of § 302.311 applies to revocations under § 577.041. *Romans*, at 895. Therefore, petitions for review must be filed within thirty days of the notice of revocation. *Romans*, at 896.

Mr. Bales' petition was filed outside the thirty day time limit. The late filing of a petition for review bars the trial court from considering the petition. *Romans*, at 896. The trial court's judgment was therefore void. *Id.*

In his brief, Mr. Bales argues that the trial court had jurisdiction under § 302.311 because the "action" of the Director revoking his license did not commence until after respondent filed his petition. He claims that because the license would not in fact be suspended until May 25, 1989, the Director had not taken the action which starts the thirty day notice under § 302.311.

Section 302.311 reads:

[I]n the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo for the review of administrative decisions at any time within thirty days after notice that a license *is* denied or withheld or that a license *is* suspended or revoked ... (Respondent's emphasis).

The respondent urges us to construe the statute according to the plain meaning of the words. And so we shall.

The statute states, "within thirty days after notice." It implies that the notice is the key event, and the cases so hold. *Romans*, at 896; *Randles v. Schaffner*, 485 S.W.2d 1, 2 (Mo.1972). The word "is" does not imply that the license must be revoked at some time before the notice.

■ Even if the premise of the respondent's argument is accepted, in fact, it is often said that a license *is revoked*, effective upon some future date, generally shortly after thirty days from the date the notice was sent. *Romans*, at 895; *Keegan v. Director of Revenue*, 769 S.W.2d 197, 198 (Mo.App.1989); *Reid v. Director of Revenue*, 772 S.W.2d 28, 29 (Mo.App.1989) (emphasis ours). The language of the notice sent to Mr. Bales in this case reads, "Effective 05–25–89 your privilege to legally operate a motor vehicle in Missouri has been revoked for 1 year." (Emphasis added). The verb tense indicates that the action has already been taken. Further, the notice goes on to state:

*"This is a final decision* of the Director of Revenue. You have 30 days from the date in the lower right corner to appeal this decision to the circuit court of the county of residence in accordance with

1. All statutory references are to RSMo, 1986.

Section 302.311 of the Revised Statutes of Missouri." (Emphasis added).

It is clear from the notice itself that the act of revocation had occurred, and that the time limitation of § 302.311 was triggered by the sending of the notice itself.

The judgment of the trial court is reversed and remanded with directions to dismiss the petition.