**Scot ELLRICK, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 41768.**

Missouri Court of Appeals,
Western District.

May 1, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for appellant.

Scot Ellrick, Kansas City, pro se.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

PER CURIAM:

The Director of Revenue appeals from an order reinstating the driving privileges of Scot Ellrick. We reverse and remand.

The Director mailed a notice dated September 30, 1988, notifying Mr. Ellrick that effective November 12, 1988, the Director would revoke his driving privileges for one year for failure to submit to chemical testing as set forth in § 577.041, R.S.Mo., 1986. On January 11, 1989, Mr. Ellrick filed his petition for review, seeking to set aside the revocation of his driver's license. The trial court issued a temporary stay of the revocation on January 18, 1989, and on February 9, 1989, ordered permanent reinstatement of all of Mr. Ellrick's driving privileges. In response, the Director moved to set aside the permanent order for lack of jurisdiction.

On appeal, the Director contends that the trial court lacked subject matter jurisdiction to entertain Mr. Ellrick's petition for review because of its untimely filing. In support, the Director cites § 302.311 R.S. Mo., 1986, which requires filing of an appeal of a revocation of driving privileges within thirty days after notice of revocation. The record reveals that Mr. Ellrick filed his petition over one hundred days after notification of revocation of his driving privileges.

In *Romans v. Director of Revenue*, 783 S.W.2d 894 (Mo.1990) (en banc) the appellant raised the identical issue. Reading the statutes in pari materia, the Missouri Supreme Court held that a thirty-day time limit of § 302.311 applies to revocations under § 577.041. *Id.* at 896. Therefore, the petitioner must file his petition within thirty days of notice of revocation. *Id.*

Here, Mr. Ellrick's revocation resulted from failure to submit to the chemical testing required by § 577.041; he filed his peti-

tion for review well beyond the thirty-day time limit imposed by § 302.311. The untimely filing deprived the trial court of subject matter jurisdiction and renders its judgment void. *Id.; accord Bales v. Director of Revenue*, 786 S.W.2d 184, 185 (Mo.App., W.D.1990); *Griffitt v. Director of Revenue*, 786 S.W.2d 183, 184 (Mo.App., W.D.1990).

Accordingly, we reverse the judgment and remand with directions to dismiss the petition.