**Mark Louis FLAKER, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, Plaintiff–Appellant.**

Nos. 65090, 65058.

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for plaintiff-appellant.

Bradley W. Cundiff, St. Peters, for petitioner-respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the trial court's judgment reversing the revocation of the driving privileges of petitioner, Mark Louis Flaker, for failing to submit to a chemical test. We reverse.

On February 26, 1993, Director mailed a notice to petitioner that his driving privileges in Missouri would be revoked for a period of one year beginning March 28, 1993, for petitioner's refusal to take a chemical test. On June 15, 1993, petitioner filed a petition for review. On June 24, 1993, the prosecuting attorney confessed judgment on behalf of Director. The trial court entered judgment in favor of petitioner, ordering Director to reinstate petitioner's driving privileges.

Director's sole point on appeal challenges the trial court's setting aside the revocation of petitioner's driving privileges on the basis that the court lacked subject matter jurisdiction to review the revocation. Section 302.311, RSMo (1986) requires that the petition for review be filed within thirty days after notice that a license has been suspended or revoked. *See also* § 536.110.1, RSMo (1986). Because petitioner failed to file his petition for review within the thirty-day time limit prescribed by statute, the trial court lacked subject matter jurisdiction. *See Ramey v. Director of Revenue*, 865 S.W.2d 442,

443 (Mo.App.E.D.1993); *Feldmann v. McNeill,* 772 S.W.2d 409, 410 (Mo.App.1989). The fact that the prosecuting attorney confessed judgment does nothing to alter the lack of subject matter jurisdiction. *See Feldmann,* 772 S.W.2d at 410; *McGee v. Director of Revenue,* 767 S.W.2d 630, 631 (Mo.App. 1989). Director's point on appeal is granted.

Judgment is reversed.