**Robert W. MURRAY, Respondent,**

v.

**Raymond T. WAGNER, Jr., Director of Revenue, Appellant.**

No. 19223.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 7, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for respondent.

CROW, Judge.

On February 5, 1993, the Director of Revenue ("Director") mailed a notice to Robert W. Murray ("Murray") that his privilege to legally operate a motor vehicle would be revoked for one year effective March 9, 1993, per § 577.041.1, RSMo Cum.Supp.1992, for refusal to submit to a chemical test.[1]

---

1. The alleged refusal occurred after Murray was arrested January 9, 1993, for driving while intoxicated.

Murray filed a petition per § 577.041.2 in the trial court March 11, 1993, praying, *inter alia,* for an order reinstating his operating privilege.

On April 6, 1993, Director filed a motion to dismiss in the trial court, averring the court lacked subject matter jurisdiction in that Murray's petition was filed more than thirty days after Director mailed the revocation notice.

On August 2, 1993, the trial court denied Director's motion to dismiss and entered an order which Director construed as a command to reinstate Murray's operating privilege.

Director appeals from that order, arguing here, as in the trial court, that the trial court lacked subject matter jurisdiction because Murray's petition was untimely.

■ Director correctly points out that a driver's petition challenging a revocation of his operating privilege under § 577.041 for refusal to submit to a chemical test must be filed within thirty days after Director mails the revocation notice.[2] If the petition is untimely, the trial court is without subject matter jurisdiction. *Randles v. Schaffner,* 485 S.W.2d 1, 2–3 (Mo.1972). The only recourse of a court which lacks subject matter jurisdiction is dismissal of the action. *Collins & Associates Dietary Consultants, Inc. v. Labor and Industrial Relations Commission,* 724 S.W.2d 243, 244–45[6] (Mo. banc 1987).

The trial court gave two reasons for rejecting Director's contention that it lacked subject matter jurisdiction.

■ First, the trial court found Murray filed his petition within thirty days after *receiving* the revocation notice. The evidence on which that finding was based does not appear in the record on appeal.[3] However,

whether that finding had sufficient evidentiary support is immaterial.

As pointed out earlier, Murray's petition had to be filed within thirty days after Director *mailed* the revocation notice. Inasmuch as the thirtieth day was Sunday, March 7, 1993, Director agrees Murray had until March 8, 1993, to file. *See: O'Hara v. Harline,* 692 S.W.2d 635 (Mo.App.E.D.1985). Murray's petition, filed March 11, 1993, was patently late.

The second reason given by the trial court for rejecting Director's challenge of subject matter jurisdiction was based on a paragraph in the revocation notice which Director had attempted to obliterate (by typing X's over it), but which remained readable. The paragraph read:

"This is a final decision of the Director of Revenue. You have 30 days from the date below to appeal this decision to the circuit court of your county of residence in accordance with section 302.311, RSMo."

■ We assume Director attempted to obliterate that paragraph because it incorrectly stated the venue for a proceeding under § 577.041.2. As explained in *Riley v. Director of Revenue,* 869 S.W.2d 273, 275 (Mo.App.W.D.1994), venue for such a proceeding lies in the county of arrest, not the county of the driver's residence.

■ The trial court held Director's attempt to obliterate the paragraph "could have been misleading" to Murray. The evidence, if any, on which that finding was based does not appear in the record. However, irrespective of that, Director's attempt to obliterate the paragraph did not excuse Murray from compliance with the thirty-day filing deadline. *Cf. Riley,* 869 S.W.2d at 275–76[4].

---

**2.** As explained by the Supreme Court of Missouri in *Romans v. Director of Revenue,* 783 S.W.2d 894, 895 (Mo. banc 1990), § 577.041 does not specify a time limit for filing a petition challenging a revocation for failing to submit to a chemical test. However, the Supreme Court held in *Romans* that the thirty-day time limit in § 302.311 applies to petitions under § 577.041. 783 S.W.2d at 895–96. The thirty-day period begins running when Director mails the revocation notice. *Jaycox v. Director of Revenue,* 875 S.W.2d

605 (Mo.App.S.D.1994); *Ramey v. Director of Revenue,* 865 S.W.2d 442, 443[2] (Mo.App.E.D. 1993); *Welch v. Director of Revenue,* 859 S.W.2d 230, 231 (Mo.App.S.D.1993); *Bales v. Director of Revenue,* 786 S.W.2d 184, 185–86[2] (Mo.App. W.D.1990).

**3.** The record contains no clue as to whether the trial court caused that evidence to be recorded.

■ Finally, the order appealed from recites it was entered "upon stipulation of the parties." As we understand the record, an assistant prosecuting attorney undertook to represent Director in the trial court[4] and entered into the stipulation.

In the above respect, the instant case is similar to *Flaker v. Director of Revenue,* 877 S.W.2d 189 (Mo.App.E.D.1994). There, a prosecuting attorney "confessed judgment" on Director's behalf in a proceeding wherein a driver sought reinstatement of his operating privilege which had been revoked for refusal to submit to a chemical test. The Eastern District of this Court held the trial court lacked subject matter jurisdiction in that the driver did not file his petition within thirty days after the revocation notice. *Id.* at 189[1]. The opinion added:

> "The fact that the prosecuting attorney confessed judgment does nothing to alter the lack of subject matter jurisdiction. *See Feldmann [v. McNeill],* 772 S.W.2d [409] at 410 [ (Mo.App.1989) ]; *McGee V. Director of Revenue,* 767 S.W.2d 630, 631 (Mo.App.1989)."

877 S.W.2d at 190.

The trial court's order of August 2, 1993, ostensibly commanding Director to reinstate Murray's operating privilege is reversed, and this cause is remanded to the trial court with a directive to dismiss it for lack of subject matter jurisdiction.

PREWITT, J., concurs in result and files opinion.

PARRISH, J., concurs and files opinion.

PREWITT, Judge, concurring in result.

I agree with the result but believe that the use of "subject matter jurisdiction" by the numerous prior cases cited in the principal opinion was wrong.

"Subject matter jurisdiction" is authority to determine the general question involved; if the petition states a claim belonging to a general class over which the authority of the court extends, the court has "subject matter jurisdiction". *In re Marriage of Panich,* 672 S.W.2d 718, 720 (Mo.App.1984).

The trial court had subject matter jurisdiction over this type of case. It just did not have jurisdiction over this matter because of the late filing of the petition.

PARRISH, Judge, concurring.

I concur. I write separately for the sole purpose of expressing agreement with the analysis of Prewitt, J., in his opinion concurring in result.

I consider the references to "subject matter jurisdiction" in the prior cases to mean jurisdiction over the matters then before the various courts. I agree that the trial court in this case did not have jurisdiction over the matter that was before it.

---

4. *See:* § 577.041.4 as amended by Laws of Missouri 1993, C.C.S.H.C.S.S.C.S.S.B. 180, pp. 1511–53. Specifically: § B (p. 1546); § 577.041 (pp. 1548–49); § C (p. 1551). Another 1993 legislative act, Laws of Missouri 1993, C.C.S.H.C.S.S.B. 167, pp. 1553–67, also amended § 577.041.4. Each act (bills 180 and 167) substituted "director of revenue" for "arresting officer" in what is now the fifth sentence of paragraph 4 of § 577.041.