William DUDLEY, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. WD 51907.

Missouri Court of Appeals, Western District.

Aug. 20, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Charles L. Gooch, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Karl L. Madden, Jr., Moberly, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and LOWENSTEIN, JJ.

ULRICH, Chief Judge.

The Director of Revenue for the State of Missouri (Director) appeals from a default judgment entered by the trial court prohibiting Director from revoking or suspending William Dudley's driver's license. The judgment of default is reversed, and the case is remanded for further proceedings.

On April 3, 1995, William Dudley's driver's license was revoked by the Director for a period of one year for accumulation of excessive points pursuant to section 302.304, RSMo 1994. On May 2, 1995, Mr. Dudley filed a petition for review in the Circuit Court of Macon County, and the Director was served with a summons the next day.

On August 23, 1995, Mr. Dudley filed a motion for default judgment pursuant to Rules 55.25 [1] and 74.05 [2] contending that the Director filed no responsive pleadings. On September 20, 1995, the trial court sustained Mr. Dudley's motion and entered an order in default. This appeal by the Director followed.

On appeal, the Director claims that the trial court erred in sustaining Mr. Dudley's motion for default judgment. She argues that petitions for review of administrative actions taken under section 302.311 and chapter 536, RSMo 1994, do not require responsive pleadings.

Rule 100.01 provides:

The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in the circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review.

Rule 100.01. Thus, Rule 55.25, requiring the filing of an answer, does not apply to administrative proceedings. *Nguyen v. Director of Revenue, State of Missouri*, 900 S.W.2d 238, 239 (Mo.App.1995); *Daus v. Director of Revenue*, 840 S.W.2d 892, 893 (Mo.App.1992).

Further, section 302.311, RSMo 1994, provides the exclusive procedure for review of the revocation or suspension of a driver's license by the Director:

[I]n the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice ... that a license is suspended or revoked.

§ 302.311, RSMo 1994. Chapter 536 does not require the filing of responsive pleadings. *Daus*, 840 S.W.2d at 893.

The trial court, therefore, erred in sustaining Mr. Dudley's motion for default judgment and prohibiting the Director from revoking or suspending Mr. Dudley's driver's license.

The default judgment against the Director is reversed, and the cause is remanded for further proceedings.

All concur.

---

1. Rule 55.25(a) provides, "A defendant shall file an answer within thirty days after the service of the summons and petition."

2. Rule 74.05(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party.