**Jacqueline D. GRATE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 51965.**

Missouri Court of Appeals,
Western District.

Nov. 12, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael McIntosh, Independence, for respondent.

SPINDEN, Presiding Judge.

The director of Missouri's Department of Revenue appeals the circuit court's reinstatement of Jacqueline D. Grate's driving privileges. The director contends that the circuit court lacked jurisdiction to reinstate Grate's driving privileges because she did not file her petition for review within the statutory deadline. We agree and remand to the circuit court.

On May 21, 1995, Grate allegedly refused to submit to a breathalyzer test. Kansas City Police Officer Anthony B. Hogan gave her notice that her driving privileges would be revoked 15 days from the date of this notice for refusing to submit to the breathalyzer test.[1] The notice said:

> As a result of your refusal to submit to a chemical test of your blood alcohol content, your driving privilege will be revoked 15 days from the date this notice is issued

---

1. Section 577.041.1, RSMo 1994, provides: "[T]he arresting officer shall, on behalf of the director of revenue, serve the notice of license revocation personally upon the arrested person and shall take possession of any license to operate a motor vehicle issued by this state which is held by that person. The arresting officer shall issue a temporary permit, on behalf of the director of revenue, which is valid for fifteen days and shall also give the person a notice of his right to file a petition for review to contest the license revocation."

(See date notice issued above) pursuant to Section 577.041 RSMo....

Your driving privilege is revoked, 15 days from the date of this notice, for a period of one-year....

APPEAL OF LICENSE REVOCATION (SECTION 302.311)

Pursuant to Sections 302.311 and 577.041, RSMo. if you wish to contest the revocation of your privilege to drive, you must petition for a hearing before the Circuit Court in the county where the arrest occurred. A petition for review must be filed within 30 days from the date this notice is issued (See date notice issued above).

The date of issuance according to the notice was May 21, 1995.

On June 23, 1995, Grate asked for a circuit court hearing pursuant to § 577.041, RSMo 1994. On September 7, 1995, the director requested that the circuit court dismiss Grate's petition for lack of subject matter jurisdiction because Grate's petition was filed late. The circuit court overruled the director's motion and stated that the 30–day period for filing a petition did not begin running until Grate's 15–day temporary permit expired.

On September 20, 1995, the director asked the circuit court to reconsider. On October 19, 1995, the circuit court overruled the director's motion to reconsider and entered an order reinstating Grate's driving privileges. The circuit court found that all of the provisions of § 577.041 were not satisfied and that Grate did not refuse to take the breathalyzer test. The director appeals.

■ Failure to file a petition for review within a statutory deadline deprives the circuit court of subject matter jurisdiction. *Randles v. Schaffner*, 485 S.W.2d 1, 2–3 (Mo. 1972). The 30–day time limit of § 302.311, RSMo 1994, applies to petitions filed under § 577.041 seeking review of revocations for refusal to take a breathalyzer test. *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990).

Section 302.311 says:

[I]n the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

As this court held in *Bales v. Director of Revenue*, 786 S.W.2d 184, 185 (Mo.App.1990), § 302.311 implies that notice is the key event which starts the 30–day time period running. That the statute says a person must file his or petition for review within 30 days after notice that a license "*is*" revoked is of no consequence. "The word 'is' does not imply that the license must be revoked at some time before the notice." *Id.*

■ The 30–day period, therefore, begins running on the day the notice is mailed or delivered to the person. Sections 302.311 and 536.110.1, RSMo 1994. The police officer gave Grate notice on May 21, 1995, so she had until June 20, 1995, to file a petition for review. Grate did not file her petition for review until June 23, 1995; therefore, her petition was late. The circuit court had no authority over the case other than to dismiss the case.

Grate argues that the 30–day period did not begin running until the 15–day temporary driving permit had expired. If we adopted that view, it would allow Grate 45 days in which to file her petition for review rather than 30 days, and it would ignore the mandates of §§ 302.311 and 536.110.1 that a petitioner has 30 days from the delivery or mailing of notice to file a petition. *See Romans*, 783 S.W.2d at 896; *Bales*, 786 S.W.2d at 185; *Welch v. Director of Revenue*, 859 S.W.2d 230, 231 (Mo.App.1993). The notice informs a driver that it is from the Missouri Department of Revenue, and it clearly states that Grate's license will be revoked in 15 days and that he or she has 30 days from the date the notice is issued to file a petition for review.

Grate asserts that because § 577.041.3 provides for the revocation of the license when the director receives the officer's report, "[a] direct inference [arises that] the aggrieved driver would have 30 days from

the date of mailing of the Department of Revenue's revocation notice to file his/her petition for review[.]" Grate contends that § 577.041 [implies] a person shall lose their license immediately but in reality loss of license does not occur for at least fifteen days, and actually may not be revoked by the Director [until she receives] the officer's report.

We disagree. Grate received the director's notice of revocation on the date of her arrest. Section 577.041.1 says:

> [T]he arresting officer shall, *on behalf of the director of revenue*, serve the notice of license revocation personally upon the arrested person and shall take possession of any license to operate a motor vehicle issued by this state which is held by that person. The arresting officer shall issue a temporary permit, on behalf of the director of revenue, which is valid for fifteen days and shall also give the person a notice of his right to file a petition for review to contest the license revocation.[2]

2. We added the emphasis.

The only notice of revocation contemplated by this statute is the notice given by the arresting officer on the director's behalf. Grate's contention is without merit.

We reverse the judgment of the circuit court reinstating Grate's driving privileges because the circuit court did not have jurisdiction to rule on Grate's tardy petition for review. The circuit court's judgment is void, so we remand to the circuit court with instructions that it set aside its judgment and enter an order dismissing Grate's petition for review.

SMART and EDWIN H. SMITH, JJ., concur.