STATE of Missouri ex rel. DIRECTOR OF REVENUE, Relator,

v.

The Honorable R. Craig CARTER, Respondent.

No. SD 31699.

Missouri Court of Appeals, Southern District, Division One.

May 11, 2012.

Motion for Rehearing and Transfer Denied June 5, 2012.

Chris Koster (Attorney General), James A. Chenault, III, Jefferson City, MO, for Relator.

Donald R. Collins, Ava, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Howard B. Gott brought suit in the Circuit Court of Douglas County, Missouri, seeking review of the revocation of his driving privileges pursuant to the provisions of sections 302.311 and 577.041.[1]

---

1. All references to statutes are to RSMo Cum. Supp.2010, and all rule references are to Mis-

Gott filed discovery requests and, subsequently, a motion to compel discovery.[2] When the discovery was not answered, Gott filed an Amended Motion to Compel Discovery. The Director of Revenue ("Relator") filed a response to the amended motion to compel asserting that the discovery rules were not applicable pursuant to the provisions of Rule 100.01. The Honorable R. Craig Carter ("Respondent") entered an order compelling Relator to produce the discovery. Relator filed for a writ of prohibition in this Court, which we improvidently granted. We hereby quash the preliminary order of prohibition.

▮ Relator contends Respondent was acting in excess of his jurisdiction by compelling her to engage in discovery in the proceeding below. Relator specifically argues, "This Court has long recognized that it is the provisions of Chapter 536, RSMO, rather than the rules of civil procedure, which govern petitions for review under § 577.041, RSMo." As support for that proposition, Relator cites *Gothard v. Spradling*, 586 S.W.2d 443, 446 (Mo.App. S.D. 1979) (en banc), and *Slaughter v. Dir. of Revenue*, 997 S.W.2d 132, 133 (Mo.App. S.D.1999). Neither case supports Relator's proposition.

In *Gothard*, the driver brought suit requesting a restraining order against the Director of Revenue after having his driver's license revoked. *Gothard*, 586 S.W.2d

at 445. The trial court ruled against the driver and he brought an appeal claiming, in part, that the trial court erred in overruling his motion to declare the Director of Revenue in default for failure to file a responsive pleading. *Id.* He argued that his claim at the trial level was "not an action under [section 577.041,]"[3] but rather "a suit for an injunction." *Id.* This Court analyzed the petition, including the "Wherefore" clause, and concluded that the driver's claim for relief was for that "as provided in [section 577.041]" and not for an injunction. *Id.* We found that "the procedure described in [section 577.041 was] exclusive" and the request and issuance of a stay or restraining order did not convert the petition from the statutory procedure to some other form of action. *Id.* We also noted "[w]e need not decide whether [section] 536.120 does apply here, as absent [section 577.041] prohibiting a stay, the trial court would have inherent power to issue a stay where the circumstances warranted." *Id.* at 445–46.

This Court also noted that then Rule 100.08,[4] among other provisions, provided for review by injunction in uncontested cases, but the right was limited where "there is no other provision for judicial inquiry into or review of such decision." *Id.* at 446. We concluded that because "[section 577.041] provid[ed] a method for

---

souri Court Rules (2011), unless otherwise specified.

2. The Douglas County Prosecuting Attorney withdrew from the case due to a conflict; Respondent directed the Relator's counsel to handle the case.

3. Section 564.444 was the predecessor to section 577.041. *Cessor v. Dir. of Revenue*, 71 S.W.3d 217, 222 (Mo.App. W.D.2002). It has since been repealed; therefore, we have bracketed the references to it with references to section 577.041, as they are substantially the same for our purposes.

4. Rule 100.08(a) stated:

When any administrative officer or body existing under the constitution or by statute or by municipal character or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and *there is no other provision for judicial inquiry into or review of such decision*, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action[.]

(Emphasis added.)

review, Rule 100.08[had] no application."[5] *Id.* The holding was that "the procedures set forth in [section 577.041 was] exclusive and requir[ed] no answer or responsive pleading." *Id.*

Additionally, this Court held in *Gothard* that the driver could not complain that the rules of civil procedure regarding default judgments were not followed because the driver did not follow Rule 43.01(b) to obtain service of process upon the defendants and the defendants had an unruled motion pending in the trial court. *Id. Gothard* does not stand for the proposition that the provisions of chapter 536, rather than the rules of civil procedure, govern petitions for review under section 577.041. Likewise, *Slaughter* merely restated the holding that "[j]udicial review under Section 577.041 does not require the Director of Revenue to file an answer or other responsive pleadings." *Slaughter*, 997 S.W.2d at 132–33. *Slaughter* does not address chapter 536.

Relator's argument further relies on Rule 100.01, as well as the decisions in *Daus v. Dir. of Revenue*, 840 S.W.2d 892 (Mo.App. E.D.1992), and *Dudley v. Dir. of Revenue*, 926 S.W.2d 943 (Mo.App. W.D. 1996), as authority for the applicability of sections 536.100 through 536.150 to the instant case. Rule 100.01 states, "[t]he provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies *unless the statute governing a particular agency contains different provisions for such review.*" (emphasis added). As a threshold matter,

the plain language of Rule 100.01 requires inquiry as to whether a statute containing different provisions applies to the particular judicial review of an administrative agency's decision. *Id.*

Here, Relator revoked the petitioner's driving privilege pursuant to section 577.041.1. The petitioner then sought judicial review of Relator's decision as provided for in section 577.041.4 through 577.041.6. Section 577.041.4 through 577.041.6 authorizes judicial review of Relator's administrative decision to revoke a person's driving privileges under Missouri's implied-consent law and provides the exclusive procedure for such review and as such, precludes the use of other procedures. *Id.; see Nguyen v. Dir. of Revenue, State of Mo.*, 900 S.W.2d 238, 239 (Mo.App. E.D.1995) ("RSMo § 577.041.4 prescribes the exclusive procedure for review of Director's revocation of a license for the driver's refusal to submit to a breath test, and precludes the use of any other or nonstatutory method."); *Gothard*, 586 S.W.2d at 445 ("Our belief that this petition was for review as provided in [section 577.041] is fortified by our finding that the procedure described in [section 577.041] is exclusive.").

Relator's assertion that Rule 100.01 mandates the use of sections 536.100 through 536.150 is without merit. Rule 100.01 limits the application of sections 536.100 through 536.150 to review of administrative decisions where there is no statute with different provisions for the review. Here, section 577.041 provides the

---

5. It is interesting to note that section 536.150 provides identical language to that of former Rule 100.08. Section 536.150.1 states, in part:

When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and *there is no other provision for judicial inquiry into or review of such decision*, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action[.] (Emphasis added.)

relevant provisions for review as discussed *supra*, rendering sections 536.100 through 536.150 inapplicable under the plain language of Rule 100.01.

Relator's attempt to rely on *Daus* and *Dudley* as authority for the application of sections 536.100 through 536.150 to judicial review under section 577.041 also fails. Relator argues that because the courts in *Daus* and *Dudley* held that the Director of Revenue was not required to file responsive pleadings because sections 536.100 through 536.150 do not provide for responsive pleadings, this Court should likewise hold that discovery may not be compelled because sections 536.100 through 536.150 do not provide for discovery. Relator's reliance on *Daus* and *Dudley*, however, is misplaced.

*Daus* addressed the issue of responsive pleadings in a judicial review of the Director of Revenue's decision to suspend a petitioner's driving privileges for failure to maintain insurance pursuant to section 303.041, RSMo Cum.Supp.1986. *Daus,* 840 S.W.2d at 893. The *Daus* court determined that section 536.110 governed the procedure for the judicial review because section 303.290(2), RSMo Cum.Supp.1986, specifically stated that appeals to the circuit court following the Director of Revenue's decision under chapter 303 would follow the procedure provided by chapter 536. *Id.* at 893; *see* section 303.290(2) ("Any decision, finding or order of the director, under the provisions of this chapter shall be subject to review by appeal to the circuit court of the county of the residence of the licensee, at the instance of any party in interest, in the manner provided by chapter 536[.]"). Similarly, *Dudley* also addressed the issue of responsive pleadings in judicial review of the Director of Revenue's decision to suspend a petitioner's driving privileges for the accumulation of excessive points, pursuant to section 302.304, RSMo Cum.Supp.1994.

*Dudley,* 926 S.W.2d at 944. In the present case, chapter 577 contains no similar language invoking the provisions of chapter 536 making Relator's *Daus* and *Dudley* analyses unpersuasive.

What is persuasive is this Court's analysis in *Woodard v. Dir. of Revenue,* 876 S.W.2d 810 (Mo.App. S.D.1994). In *Woodard,* the Director of Revenue appealed the "transfer" of an action for the reinstatement of a driver's license from one county to another. *Id.* at 811. The Director of Revenue contended the general change of venue section, section 508.080, did not apply to section 577.041. *Id.* at 811–12. The Director of Revenue concluded the transfer then left the second court with a "lack of subject matter jurisdiction." *Id.* at 812. This Court first noted that "circuit court review of a revocation of a driver's license by the Director based on refusal to submit to a chemical test is judicial review of an administrative decision and is a civil proceeding." *Id.* at 814. After concluding that there was no rule at that time pertaining to the removal by agreement in a civil suit not triable by jury to another county, we also found no rule either authorizing or prohibiting it. *Id.* We ultimately concluded that section 508.080 applied to an action commenced under section 577.041. *Id.* at 815–16.

Likewise, section 577.041 does not prohibit the use of rules of civil procedure or any statute describing discovery. We find informative the reasoning of *White v. Dir. of Revenue,* 321 S.W.3d 298 (Mo. banc 2010), wherein the Missouri Supreme Court applied Rule 73.01(c) of the civil rules of procedure to cases brought under sections 302.311 and 577.041. *Id.* at 301, 312 n. 3. Citing to section 302.535, the court held that the rules of civil procedure applied. *Id.* at 302. The correlation between cases brought under sections 302.535 and 577.041 is such that the cases

are cited interchangeably when discussing issues of probable cause and the standard of review. *Id.* at 305 n. 6.

■ This Court will issue a writ of prohibition to "confine a lower court to the proper exercise of its jurisdiction." *State ex rel. White Family P'ship v. Roldan,* 271 S.W.3d 569, 572 (Mo. banc 2008). Writs of prohibition may be granted when (1) there is a usurping of judicial power because the lower court lacks jurisdiction; (2) the lower court abuses its discretion to act in a way beyond its power; and (3) the complaining party may be left with no adequate remedy by appeal. *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862 (Mo. banc 1986). Where the issuance of a writ turns on statutory interpretation, this Court reviews the meaning of the statute *de novo. Roldan,* 271 S.W.3d at 572.

Relator has failed in her effort to persuade us that chapter 536 applies to this matter and further that chapter 536's provisions for discovery are applicable. Therefore, the trial court did not abuse its discretion by acting in a way beyond its power or lack jurisdiction to enter its order compelling discovery. Relator's first point on appeal is denied.

■ Relator's second point on appeal alleges that Respondent abused his discretion by ordering Relator to produce items not in her possession, custody, or control. Relator, however, failed to raise the issue before the circuit court. Appellate review, except in rare circumstances, is limited to those issues raised before the lower court. *Smith v. Shaw,* 159 S.W.3d 830, 835 (Mo. banc 2005). Appellate courts will not generally convict a lower court of error on an issue never placed before it to decide. *Id.* Presently, the record offers no evidence that Relator, prior to filing Relator's Petition for Writ, ever asserted to Respondent

that she could not comply with the discovery order due to lack of possession, custody, or control of the items. We decline review of Relator's second point because it was never presented before the lower court.

We, therefore, improvidently granted a writ of prohibition preventing Respondent from taking further action in this case. The Preliminary Order in Prohibition is quashed.

LYNCH, J., concurs.

BURRELL, P.J., concurs and concurs in separate concurring opinion.

DON E. BURRELL, Presiding Judge.

I concur in the principal opinion. I write separately only to note that our high court held in *Romans v. Director of Revenue,* 783 S.W.2d 894, 895–96 (Mo. banc 1990), that section 577.041 [1] should be read *inpari materia* with section 302.311, which states that a driver whose license has been administratively revoked or suspended "may appeal to the circuit court of the county of his residence in the manner provided by chapter 536[.]" In other words, although section 577.041 deals specifically with license revocations based upon a driver's refusal to submit to a chemical test of his blood alcohol content, *Romans* directed that the provisions of both statutes should be applied to the extent that they are not in direct contradiction with one another. *Id.* This has led to much confusion about what procedural rules a circuit court should or should not apply when conducting a section 577.041 trial *de novo.*

Although *Romans* was not explicitly overruled in the Court's more recent opinion in *White v. Director of Revenue,* 321 S.W.3d 298 (Mo. banc 2010), I believe the principles announced in *White* have placed

---

1. All statutory references are to RSMo (2000).

in significant doubt the continuing efficacy of *Romans.* Because *White* held that a trial *de novo* before the circuit court challenging an administrative license suspension under section 302.505 should be treated much like any other court-tried, civil case—and such a trial *de novo* is much more analogous to a challenge under section 577.041 than to the process used in an appeal to the circuit court of an administrative agency decision governed by the procedures set forth in chapter 536—I do not believe that Relator has met her burden of demonstrating that the trial court either abused its discretion or lacked the authority necessary to compel production of the discovery at issue in this case.[2]

---

**2.** Review of a section 302.505 suspension or revocation is by trial *de novo* in the circuit court, and section 302.535.1 explicitly states that "[s]uch trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo."